## 56984. CENTRAL BANK OF ALABAMA, NATIONAL ASSOCIATION v. AMERICAN CHARMS, INC.

BANKE, Judge.

The appellant in this case, Central Bank of Alabama, filed what amounts to an action for conversion against the appellee, American Charms, Inc. On December 1, 1972, American, a Georgia corporation, sold a shipment of furniture and appliances to a furniture wholesaler in Alabama. It received as payment a check drawn on Central Bank, which check the bank later dishonored for lack of sufficient funds. American subsequently recovered the goods from the wholesaler, and soon afterwards the wholesaler declared bankruptcy.

The bank sued to recover the value of the goods, alleging that it had a first lien on them by virtue of a security agreement and financing statement covering the wholesaler's inventory. The trial court denied the bank's motion for summary judgment, and we granted interlocutory review.

The bank supported its motion for summary judgment with the affidavit of a vice-president who claimed to have personal knowledge of the transaction. He stated that the bank had made a loan to the wholesaler in September of 1972, that the loan had been secured by a security agreement, and that the security agreement had been perfected by filing a financing statement. He further attested to the correctness of copies of the security agreement and financing statement which were attached to the affidavit. These documents expressly covered the wholesaler's entire inventory, including after-acquired property.

American filed no affidavits disputing these factual allegations, nor did it claim to have perfected a purchase money security interest so as to have priority. Instead, it contended that since the wholesaler had paid for the goods with a bad check, no sale had occurred and that consequently neither the bank nor the wholesaler had ever acquired any rights in the property. *Held:*

UCC § 2-403 (Code Ann. § 109-2—403), provides, in pertinent part, as follows: "(1) . . . A person with voidable title has power to transfer a good title to a good faith

purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such Power even though . . . (b) the delivery was in exchange for a check which is later dishonored. . ." Under this Code section it has been held that "[w]here, as here, the seller [American] did not perfect [its] Purchase money security interest (Ga. UCC § 9-302; Code Ann. § 109A-9—302), the lien of a security instrument previously perfected by filing held by the plaintiff bank covering after-acquired [property] attached to the [property] sold" when it came into the possession of the buyer, thus giving the bank priority over the seller. *Bank of Madison v. Tri-County Livestock Auction Co.,* 123 Ga. App. 768 (2), 769-770 (182 SE2d 687) (1971), revd. on other grounds *Tri-County Livestock Auction Co. v. Bank of Madison,* 228 Ga. 325 (185 SE2d 393) (1971). See also United States v. Wyoming Nat. Bank, 505 F2d 1064 (9) (10th Cir. 1974); Matter of Samuels & Co., Inc., 526 F2d 1238 (5, 6) (5th Cir. 1976). These cases all hold that a lienholder such as the bank is a "purchaser for value" within the meaning of Code Ann. § 109A-2—403. See UCC § 1-201 (32, 33) (Code Ann. § 109A-1—201 (32, 33)). However, § 109A-2—403 imposes an additional requirement in order for rights in the property to be transferred — it requires that the "purchaser" have acted in *good faith.*

American contends on appeal that there remains a material issue of fact as to whether the bank acted in good faith, since not only was it the secured party in this transaction, it was also the bank that dishonored the check. Although this issue was not raised directly in the answer, it was raised in an affidavit filed by American's president, wherein he states that American deposited the wholesaler's check for collection on December 1, the date of the sale, yet the bank did not send notice that the check would be dishonored until December 18. Thus, we hold that the trial court was correct in denying the bank's motion for summary judgment since a material issue of fact remains as to whether the bank acted in good faith in dishonoring the check.

*Judgment affirmed. Webb, P. J., and Underwood, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED MARCH 2, 1979.

*James W. Garner,* for appellant.
*Webb, Fowler & Tanner, J. L. Edmondson,* for appellee.