**In the Matter of DAYLIN, INC., Debtor in Possession.**

**RAY–O–VAC, Division of ESB, Inc., Plaintiff, Appellee and Cross-Appellant,**

v.

**DAYLIN, INC., Defendant, Appellant and Cross-Appellee.**

Nos. 76–1602, 76–1641.

United States Court of Appeals, Ninth Circuit.

May 8, 1979.

854

Robert P. Gordon, Los Angeles, Cal., for defendant, appellant and cross-appellee.

Gregory R. Smith, Los Angeles, Cal., for plaintiff, appellee and cross-appellant.

Before HUFSTEDLER and TRASK, Circuit Judges, and CLAIBORNE,* District Judge.

HUFSTEDLER, Circuit Judge:

The central issue on these appeals is whether U.C.C. § 2–702, allowing a seller to reclaim goods delivered on credit to a buyer who is insolvent, conflicts with §§ 1, 60, 64, 67, and 70 of the Bankruptcy Act and is therefore ineffective in bankruptcy. Following *In re Telemart Enterprises, Inc.* (9th Cir. 1975) 524 F.2d 761, we hold that the state-created right of reclamation is not barred by the Bankruptcy Act.

Daylin filed a proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701 *et seq.*, on February 26, 1975. On February 27, 1975, Ray-O-Vac, which had supplied Daylin with goods on credit, made a written demand pursuant to U.C.C. § 2.702(2) for the return of merchandise received by Daylin within the preceding ten days. Daylin refused to return the merchandise. Trial was held on stipulated facts, and the parties further stipulated that the law of the states to which the goods were shipped would govern the rights and duties of the parties in this litigation. Those states are Texas, Alabama, Georgia, Indiana, New Jersey, and New York.

---

* Honorable Harry E. Claiborne, United States District Judge, District of Nevada, sitting by designation.

Section 2–702, as enacted by Texas, Alabama, Georgia, and Indiana, provides in relevant part:

"(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt . . . .

"(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this Article (Section 2–403) . . . ."[1]

The version adopted by New York and New Jersey is the same, except that the words "or lien creditor" in subdivision (3) are deleted.

The bankruptcy judge held that § 2–702 creates a statutory lien which is invalid against the debtor in possession under §§ 1(29a), 67c(1)(A), and 67c(1)(B) of the Bankruptcy Act. Thereafter we held that § 2–702 does not conflict with § 67c or § 64. (*In re Telemart Enterprises, Inc., supra*, 524 F.2d 761.) Accordingly, the district court held that the version of § 2–702 adopted by New York and New Jersey, which was identical to the California statute considered in *Telemart*, was effective in bankruptcy and that Ray-O-Vac was entitled to reclaim the goods shipped into those states.

The district court also held that the words "or lien creditor" in the Texas, Alabama, Georgia, and Indiana statutes effectively subordinated the reclaiming seller's rights to those of a lien creditor. Since § 70c of the Bankruptcy Act gives the trustee the status of a hypothetical lien creditor, whether or not an actual lien creditor exists, the district court concluded that under this version of § 2–702, the trustee cuts off the reclaiming seller's rights as of the date of bankruptcy. Ray-O-Vac could not reclaim the goods shipped into Texas, Alabama, Georgia, and Indiana. Both parties appeal.

■ The question whether § 2–702 should be ineffective in bankruptcy as a statutory lien or as a disguised state priority continues to be hotly debated by the commentators,[2] and courts have reached differing conclusions.[3] The question is no longer open in this Circuit. *Telemart* squarely holds that § 2–702 does not conflict with § 64 or § 67 of the Bankruptcy Act and that the version of the statute adopted in California, New York, and New Jersey is effective in bankruptcy. We therefore affirm the district court's decision with respect to the goods shipped into New York and New Jersey.

■ The district court erred, however, in concluding that the words "or lien creditor" in the Texas version of § 2–702 operated to cut off the right of reclamation as of the date of bankruptcy. To be sure, the district

---

**1.** Section 2–702 reads in its entirety:

"(1) Where the seller discovers the buyer to be insolvent he may refuse delivery except for cash including payment for all goods theretofore delivered under the contract, and stop delivery under this Article (Section 2–705).

"(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

"(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this Article (Section 2–403). Successful reclamation of goods excludes all other remedies with respect to them."

**2.** *See, e. g.,* Braucher, *Reclamation of Goods from a Fraudulent Buyer*, 65 Mich.L.Rev. 1281 (1967); Countryman, *Buyers and Sellers of Goods in Bankruptcy*, 1 N.Mex.L.Rev. 435 (1971); Kennedy, *The Interest of a Reclaiming Seller under Article 2 of the Code*, 30 Bus.Law. 833 (1975); Comment, *The Imperfect Interface between Section 2–702 of the Uniform Commercial Code and Section 67c(1)(A) and 64 of the Bankruptcy Act*, 50 Temp.L.Q. 93 (1977).

**3.** *Compare In re Federal's, Inc.* (6th Cir. 1977) 553 F.2d 509; *In re Telemart Enterprises, Inc.* (9th Cir. 1975) 524 F.2d 761; *with In re Giltex, Inc.* (S.D.N.Y.1975) 17 UCC Rep.Serv. 423; *In re Good Deal Supermarkets, Inc.* (D.N.J.1974) 384 F.Supp. 887.

court's view is a straightforward interpretation of the statutory language, and as an abstract proposition it has much to recommend it.[4] However, it appears contrary to the intent of the drafters of the Uniform Commercial Code, and the more common approach has been to look to state law to determine whether a lien creditor would prevail over a reclaiming seller. Article 2 does not specify the rights of such a lien creditor, and the substantive rules of Article 9 treat only the rights of a levying creditor against an unperfected security interest. Courts adopting this approach have looked to pre-Code state law to determine whether a reclaiming seller would prevail over a lien creditor.[5]

Neither of these approaches is open to us. *Telemart* decided that § 2–702 "authorizes the exact equivalent of the common law remedy of rescission," and therefore "sales described by that section result in a transfer of only voidable title." (524 F.2d at 765.) Consequently, the seller's right can only be cut off by a good faith purchaser for value. (*See* U.C.C. § 2–403(1).) The trustee does not occupy the same position as a good faith purchaser, but only that of a lien creditor. The trustee is vested only "with the title of the bankrupt as of the date of the filing of the petition . . . ." (§ 70a.) Since, under § 2–702, the buyer takes a voidable title from the moment of sale, a lien creditor cannot avoid the retroactive reversion of title to the reclaiming seller.[6]

We recognize that the effect of our holding is to treat the words "or lien creditor" as mere surplusage. If the reclaiming seller's right is the right to rescind the transaction and void the title taken by the insolvent buyer, then only a good faith purchaser for value can cut off the seller's right. The provision that the reclaiming seller's right is "subject to the rights" of a lien creditor is a nullity, for it the bankrupt took only voidable title no lien creditor can have any rights in the property as against the reclaiming seller. The result is anomalous, and unfortunately it applies to the version of § 2–702 adopted by the majority of the states.[7] Nevertheless, we are bound by the decision in *Telemart*. Accordingly, Ray-O-Vac was entitled to reclaim the goods shipped into Texas, Alabama, Georgia, and Indiana.

The remaining issue to be decided on these appeals is Daylin's contention that it was obligated to return only those goods remaining in its possession on March 12, 1975, the day Ray-O-Vac filed its complaint seeking reclamation in the bankruptcy court, rather than on February 27, 1975, the date Ray-O-Vac made written demand on Daylin for return of the goods. We affirm the district court's decision that Ray-O-Vac is entitled to reclamation of goods not sold to bona fide purchasers before February 27, 1975. Section 2–702 does not require the filing of a formal complaint, and it would be inequitable to permit a buyer to continue to sell the goods after a demand has been made.

4. *See* 4B Collier on Bankruptcy ¶ 70.62A[7.1]; Countryman, *supra*, note 2. This approach has been followed by district courts in *In re Behring & Behring* (N.D.Tex.1968) 5 UCC Rep.Serv. 600; *In re Eastern Supply Co.* (W.D.Pa.1963) 1 UCC Rep.Serv. 151, *aff'd*, 331 F.2d 852 (3d Cir. 1964).

5. *See In re Federal's, Inc., supra*, 553 F.2d 509; *In re Mel Golde Shoes, Inc.* (6th Cir. 1968) 403 F.2d 658; *In re Kravitz* (3d Cir. 1960) 278 F.2d 820; 4A Collier on Bankruptcy ¶ 70.41 n. 16; Braucher, *supra*, note 2; Hawkland, *The Relative Rights of Lien Creditors and Defrauded Sellers*, 67 Com.L.J. 86; Mann & Phillips, *In re Federal's, Inc., Another Round in the Battle Between the Reclaiming Credit Seller and the*

*Bankruptcy Trustee*, 46 Fordham L.Rev. 641 (1978); Note, *Bankruptcy and Article Two of the Uniform Commercial Code*, 79 Harv.L.Rev. 598 (1966); Note, *In re Federal's, Inc.: A New Way for the Trustee in Bankruptcy to Defeat a Reclaiming Seller*, 35 U.Pitt.L.Rev. 922 (1974).

6. *See* Comment, *Imperfect Interface, supra*, note 2; Note, 51 Temp.L.Q. 329 (1978). *See also In re Paderewski* (9th Cir. 1977) 564 F.2d 1353.

7. Only 18 states have deleted the words "or lien creditor" from § 2–702(3), in accordance with the 1966 Amendments. (State Correlation Tables, UCC Rep.Serv.)

Affirmed in part, reversed in part, and remanded for further proceedings consistent with the views herein expressed.