Maglificio BERGA

v.

AMIT INTERNATIONAL TRADE, LTD.
and Fidelity Bank.

Civ. A. No. 80–2054.

United States District Court,
E. D. Pennsylvania.

March 25, 1981.

Albert W. Sardella, West Chester, Pa.,
for plaintiff.

Sally A. Akan and Stephen R. Harris,
Pepper, Hamilton & Scheetz, Philadelphia,
Pa., for defendants.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District
Judge.

Plaintiff, Maglificio Berga, an Italian cor-
poration and the unpaid seller, brought this

action seeking damages or recovery of goods against Amit International Trade, Ltd. (hereafter referred to as "Amit"), a Pennsylvania corporation and the buyer, and Fidelity Bank. Presently before the court is Fidelity's motion for summary judgment. Berga's action against Amit is based on Berga's June 6, 1978 sale of garment and clothing products worth $138,515.79 to Amit. These goods were sold on credit to Amit and received by Amit in Philadelphia. Plaintiff alleges receipt of thirteen checks drawn on Fidelity Bank from Amit which were subsequently returned for insufficient funds. On October 1, 1979 and on unspecified prior occasions, the plaintiff alleges that it unsuccessfully demanded return of the goods. Plaintiff further alleges that on or about November 1979 Fidelity Bank, the institution managing Amit's account and a secured party with respect to Amit's inventory, accounts receivable, proceeds and after-acquired property, purchased the goods from Amit and resold them with knowledge of Amit's insolvency and with knowledge of the fact that Amit received the goods in exchange for dishonored checks. Plaintiff's complaint at ¶ 17.

Defendant, Fidelity Bank, in its answer, denies purchasing or receiving possession of the goods, but rather states through the uncontested affidavit of Robert V. Rowland, Vice-President of Fidelity Bank and the officer in charge of Amit's account that Fidelity received the proceeds from Amit's sale of the goods in partial satisfaction of Amit's indebtedness to Fidelity. *See* Affidavit of Robert V. Rowland at ¶ 4.

Defendant, Fidelity Bank, asserts that prior to the credit sale between Berga and Amit, Fidelity obtained the status of a perfected secured creditor, who in making loans to Amit, retained a security interest in the goods including after-acquired property and proceeds. Fidelity perfected this interest in 1976 and 1977 by filing two financing statements with both the Secretary of the *Commonwealth and the Prothonotary of Philadelphia County.*[1]

During oral argument on Fidelity Bank's motion for summary judgment heard on November 29, 1980, this Court granted plaintiff sixty days to complete discovery and to file affidavits or other proof relating to this motion. On January 5, 1981, plaintiff's counsel inspected Fidelity Bank's files and on January 12, 1981 he received copies of the bank documents he requested. At plaintiff's request, defendant's counsel agreed to an extension of time until February 4, 1981 to allow plaintiff to complete discovery. To date, plaintiff's counsel has not filed any documents or affidavits. His stated reason for failing to file these documents is the difficulty in obtaining information from his client, Berga, an Italian citizen who frequently travels.[2] Plaintiff's counsel was afforded ample time to file affidavits in opposition to Fidelity Bank's motion for summary judgment. Since no affidavits have been filed by the plaintiff, the facts set forth in Fidelity's affidavits must be considered uncontested.

---

1. The first financing statement, filed on April 7, 1976 covered:

   All goods, Inventory, Accounts receivalbe (sic), Contract Rights, and other tangible and intangible personal property now owned or hereafter acquired. All cash and non-cash proceeds for the foregoing including insurance and the proceeds of insurance.

   The second financing statement, filed on May 10, 1977 covered:

   All goods, equipment, inventory, accounts receivables, contract rights, and other tangible and intangible personal property now owned or hereafter acquired all cash and non-cash proceeds for the foregoing including insurance and the proceeds of insurance.

2. Nineteen days after February 4, 1981, the date on which the extension of time to file documents expired, plaintiff's counsel, in a letter dated February 23, 1981, requested an additional fifteen days to complete discovery. Plaintiff's counsel did not identify any particular information he hoped to obtain from his client that would have any bearing on the instant motion; nor did he file any documents relating to the information he obtained from discovery of Fidelity Bank's files. Plaintiff's counsel, by this second time extension request, only sought additional time to obtain information from his own client, Berga. Although more than the 15 days requested have passed, plaintiff has not filed any supporting affidavit to raise a genuine issue as to a material fact.

Based on the foregoing facts, Fidelity has moved for summary judgment claiming that Fidelity as a perfected secured creditor has priority over Berga, an unpaid seller of goods. For the reasons set forth below, defendant's motion is granted.

This case is governed by the Uniform Commercial Code as adopted by the Commonwealth of Pennsylvania, 13 Pa.C.S.A. § 9101 et seq.

■ Plaintiff does not allege in his complaint that he retained a security interest in the goods.[3] Even assuming arguendo that the plaintiff had an unperfected security interest, this interest would be subject to Uniform Commercial Code § 9301(a)(1), 13 Pa.C.S.A. § 9301(a)(1), which states that an unperfected security interest is subordinate to the rights of "persons entitled to priority under Section 9312." Uniform Commercial Code § 9312(e), 13 C.S.A. § 9312(e) which determines the priority of conflicting security interests states that:

(e) In all cases not governed by other rules stated in this section (including cases of purchase money security interests which do not qualify for the special priorities set forth in subsections (c) and (d) of this section), priority between conflicting security interests in the same collateral shall be determined as follows:

(1) in the order of filing if both are perfected by filing, regardless of which security interest attached first under section 9204(a) and whether it attached before or after filing;

(2) in the order of perfection unless both are perfected by filing, regardless of which security interest attached first under section 9204(a) and, in the case of a filed security interest, whether it attached before or after filing; and

(3) in the order of attachment under section 9204(a) so long as neither is perfected.

■ Section 9312(e)(2) mandates that the order of perfection governs priority of security interests. While the plaintiff has not perfected by either possession or filing, Fidelity has perfected its interest by filing two financing statements. There is no requirement in the Code's § 9312 or § 9301(a)(1) that the security interests who have priority over an unperfected security interest be without knowledge of it; nor is there any basis in § 9312 to require absence of knowledge to defeat a prior unperfected party. The Code's draftsmen have made the knowledge requirement under § 9312 irrelevant. See In Re Gunderson, 40 U.C.C. Rep. 358–59 (S.D.Ill.1976); Felsenfeld, Knowledge as a Factor in Determining Priorities Under The Uniform Commercial Code, 42 New York U.L.Rev. 246, 249–51 (1967).[4] The basic scheme of § 9312 priorities places reliance on the state of the record by creating a filing structure and removing knowledge as a factor. Felsenfeld, at 249–51.

Defendant supports its position as a perfected secured creditor entitled to priority under § 9312(e) by citing Bloom v. Hilty, 427 Pa. 463, 234 A.2d 860 (1967). In Bloom, the Pennsylvania Supreme Court held that the interest of the unpaid pipe seller was subordinate to that of the holder of a perfected security interest in the debtor's drilling rig and pipe, notwithstanding the fact that the perfected party may have known of the pipe seller's security interest prior to perfecting its own security interest in the same pipe. The court reasoned that under § 9301(a)(1) the unperfected security interest of the pipe seller was subordinate to the perfected party's interest, since the perfected party was a person entitled to priority under § 9312. 234 A.2d at 860. The court stated:

---

3. In order to have a valid security interest, under the Uniform Commercial Code § 9203, 13 Pa.C.S.A. § 9203, a party must either maintain possession of the collateral or have a security agreement signed by the debtor and containing a description of the collateral. Nowhere in plaintiff's complaint has it pleaded a security interest in the goods in question.

4. See also In the Matter of Bruce A. Smith, 326 F.Supp. 1311 (D.Minn.1971) where the court relies on Professor Gilmore's treatise, Security Interests In Personal Property § 34.2 pp. 898–902 (1965) in which Gilmore acknowledges that Article 9 discarded good faith as a factor in determining priorities under § 9312. 326 F.Supp. at 1315–16.

Cardwell having been the first to perfect its security interest (Bloom in fact never did perfect), it takes priority under § 9–312(5). [13 Pa.C.S.A. § 9312(e)] It is irrelevant that title to the pipe may have remained in Bloom rather than in the debtor, Hilty. § 9–202 [13 Pa.C.S.A. § 9202] states: 'Each provision of this Article with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor.' Moreover, it is irrelevant that Cardwell may have had knowledge of Bloom's security interest. Nothing in § 9–312(5) [13 Pa.C.S.A. § 9312(e)] says anything about lack of knowledge being a prerequisite for its operation. In fact, although not directly in point, Example 2 of the Official Comment gives some support to the view that lack of knowledge is not required. Leading commentators on the Code have stated definitively:

> 'Notice, knowledge or reason to know, or lack thereof on the part of another secured party, are all immaterial under § 9–312(5).' 13 Pa.C.S.A. § 9312(e)] Those same commentators raise the question whether the Code's general requirement of good faith (§ 1–203) cuts across the literal words of Article 9. They conclude, rightly it seems, that some leading on or other basis for estoppel would seem necessary to deprive one of a priority given him by statute. (footnotes omitted.) 234 A.2d at 863–64.

The *Bloom* court specifically noted that some form of "leading on or other basis for estoppel" could preclude a perfected secured party from prevailing over an unperfected party. *Bloom, supra*, at 894. In the instant case, Fidelity perfected its interest at least one year prior to the date Berga sold Amit goods on credit. There could have been no "leading on" by Fidelity at the time Berga sold goods to Amit because Berga, had it checked the records, would have discovered Fidelity's prior interest in Amit's goods, inventory, accounts receivable, and after acquired property.

Nevertheless, the gravamen of plaintiff's complaint is that Fidelity Bank was not a good faith purchaser for value and, therefore, had no power to purchase the goods as permitted by U.C.C. § 2–403, 13 Pa.C.S.A. § 2403. Plaintiff's complaint at ¶ 18. Plaintiff maintains that the material fact at issue is Fidelity's lack of good faith in acquiring the proceeds of the goods. It is only in plaintiff's brief in opposition to the motion that he alleges that Fidelity had knowledge of Amit's insolvency and allowed, approved or acquiesced in the purchase of goods by later dishonoring checks all in light of its perfected secured status. Plaintiff's Brief at 2. U.C.C. § 1–201's, 13 Pa.C.S.A. § 1201, definition of good faith requires "honesty in fact." Plaintiff has not stated any facts, nor filed any affidavits, depositions, or other evidence which might indicate that Fidelity's dishonor of the checks drawn by Amit was in any way delayed or improper. For this reason, *Central Bank of Alabama v. American Charms, Inc.*, 149 Ga.App. 218, 253 S.E.2d 857 (1979) on which plaintiff relies is distinguishable. In *Central*, the Georgia Court of Appeals held that summary judgment for the bank was not proper where issues of material facts remained as to whether the bank acted in good faith in dishonoring the debtor's check. Unlike Berga, the plaintiff in *Central* raised the material issue of the bank's good faith by filing an affidavit by plaintiff's president, in which he stated that the bank had delayed eighteen days after deposit of the wholesaler's check before sending notice of its dishonor of the check.

Moreover, plaintiff has not stated any facts or presented any evidence that shows that Fidelity's actions perpetuated a fraud upon Berga. Plaintiff has made only a bold assertion without more. Therefore, plaintiff's reliance on *In Re American Food Purveyors, Inc.*, 17 U.C.C.Rep. 436 (N.D.Ga. 1974) is misplaced because the buyer in that case had acquired goods from the reclaiming seller by fraud.[5]

---

**5.** It is significant to note that in *In Re American*, plaintiff, an unpaid seller, had exercised his reclamation rights under U.C.C. § 2–702, 17 U.C.C.Rep. at 440. In the instant case, Berga

Plaintiff, having made no substantiation of its allegation of dishonesty on the part of Fidelity Bank, at most has alleged that Fidelity had knowledge of plaintiff's interest in goods sold to Amit after Fidelity had already perfected its security interest. Because the record is devoid of any evidence to support plaintiff's allegation that Fidelity Bank's dishonor of the checks was wrongful, Fidelity's actions do not constitute a "leading on or other basis for estoppel" under *Bloom v. Hilty, supra.* Therefore, where the moving party has sustained its burden of proving that no genuine material issue of fact exists, summary judgment will be granted unless the opposing party presents countervailing evidence that reveals a genuine factual dispute. *Scooper Dooper Inc. v. Kraftco Corp.*, 494 F.2d 840, 848 (1974). *See* 6 Moore's Federal Practice ¶ 56.15[3].

Plaintiff's bald allegations of bad faith on the part of Fidelity Bank without supporting evidence are insufficient as a matter of law to withstand defendant's motion for summary judgment. For these reasons, Fidelity Bank as a perfected secured party is hereby granted summary judgment.

failed within ten days to exercise his reclamation rights that would have enabled him to demand return of the goods. It should also be noted that Berga failed to explore another avenue available to it. It could have gained priority over Fidelity Bank by obtaining a purchase money security interest in these goods, i. e., inventory, by filing a financing statement pursuant to U.C.C. § 9–312(c)(1), 13 Pa.C.S.A. § 9312(c)(1), and giving notice to Fidelity Bank pursuant to U.C.C. § 9–312(c)(2), 13 Pa.C.S.A. § 9312(c)(2).