
In re LANDY BEEF CO., INC., Debtor.

PARTY PACKING CORPORATION,
Plaintiff,

v.

George ROSENBERG, Trustee,
Defendant.

Bankruptcy No. 80–810–L.
Adv. No. 80–0451–L.

United States Bankruptcy Court,
D. Massachusetts.

May 17, 1983.

Stephen M. Kaplan, Widett & Glazier, Boston, Mass., for trustee, George Rosenberg.

Joel L. Cherwin, Cherwin & Glickman, Boston, Mass., for Plaintiff.

## MEMORANDUM AND ORDER

THOMAS W. LAWLESS, Chief Judge.

### ISSUE

Does Party Packing Corporation have a right of reclamation under M.G.L.A. c. 106 § 2–702(2)?

### BACKGROUND

From March 24, 1980 through March 27, 1980, Party Packing Corporation ("Party Packing") sold on credit and caused to be delivered to Landy Beef Co., Inc. ("Landy Beef") 782 veal-calves ("Goods"). Landy Beef was a regular customer (purchaser of meat) of Party Packing. Landy Beef would order Goods from Party Packing. Party Packing would forward an invoice to Landy Beef, and send the Goods to Party Packing's subsidiary, Sunrise Meats. Sunrise Meats would custom bone the Goods for Landy Beef, and subsequently ship the Goods and an invoice for the boning service to Landy Beef. Shipments, which took place several times a week, would generally arrive between two and three days after the Party Packing invoice arrived.

Landy Beef normally tendered its payment for the Goods to Party Packing on a weekly basis, each payment representing the amount due on the previous week's shipment. On or around April 3, 1980, Party Packing did not receive payment from Landy Beef for the previous week's shipment. Subsequently, on April 4, 1980, Party Packing made written demand upon Landy Beef for reclamation of the Goods pursuant to M.G.L.A. c. 106 § 2–702(2). The Goods were not returned to Party Packing.

On April 10, 1980, the Suffolk Superior Court, by Adams, J., entered a temporary

restraining order enjoining Landy Beef from selling or otherwise disposing of the Goods and product derived solely therefrom and ordering Landy Beef to preserve and protect the Goods. The temporary restraining order of the Suffolk Superior Court was continued as a preliminary injunction on April 11, 1980; the preliminary injunction has not been modified, amended or terminated by the Suffolk Superior Court.

On May 20, 1980, an involuntary petition under Chapter 7 of Title 11 of the United States Code was filed against Landy Beef and on May 23, 1980 George Rosenberg ("Trustee") was appointed interim Trustee pursuant to 11 U.S.C. § 303(g). An order for relief under Chapter 7 of Title 11 of the United States Code was entered against Landy Beef on July 22, 1980. On July 22, 1980 a complaint for reclamation of the Goods was filed with this Court by Party Packing against the Trustee, seeking *inter alia,* a determination by this Court of Party Packing's reclamation rights against the estate under M.G.L.A. c. 106 § 2–702(2) and 11 U.S.C. § 546(c).

### DISCUSSION

Plaintiff alleges that it has a right of reclamation under M.G.L.A. c. 106 § 2–702(2), and a resultant right to an administrative priority status under 11 U.S.C. § 546(c) of the Bankruptcy Code.

Section 546(c)[1] provides that the rights and powers of the Trustee are subject to any statutory right or common law right of the seller. Thus, this Court looks to M.G.L.A. c. 106 § 2–702(2) to determine if plaintiff has a right of reclamation.[2] If so, then this Court will consider whether Party Packing is entitled to an administrative priority status under 11 U.S.C. § 546(c) of the Bankruptcy Code.

M.G.L.A. c. 106 § 2–702(2) provides:
where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand within ten days after the receipt. . . .[3]

As the statute evidences, there are two conditions which must be met before the seller can exercise this right of reclamation: the seller must discover the buyer's insolvency within ten days of the buyer's receipt, and the seller must demand the goods within the ten days.[4] See M.G.L.A. c. 106 § 2–702(2).

■ Party Packing made its demand for reclamation of the Goods shipped from March 24, 1980 through March 27, 1980, on April 4, 1980.[5] All shipments made on March 24, 1980 are not within the ten day limitation period (measured from the demand date of April 4, 1980) and thus, cannot be the object of a reclamation action. See M.G.L.A. c. 106 § 2–702(2); *Kennett-Murray & Co. v. Pawnee National Bank,* 26 U.C.C.Rep. 686, 690 (Okl.App.1979); *In re Shoemaker,* 32 U.C.C.Rep. 133, 134–135 (Bkrtcy.D.Idaho 1980).

1. Section 546(c) in pertinent part provides:
the rights and powers of the trustee under sections 544(a), 545, 547 and 549 of this title are subject to any statutory right or common law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if, the debtor has received such goods when insolvent, but—
   (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor. . . .

2. The right of a seller to reclaim goods is broad, encompassing any state statutory right or common law right. See 11 U.S.C. § 546(c). The plaintiff-seller in this case has asserted in its complaint, a "right" of reclamation based solely on M.G.L.A. c. 106 § 2–702(2) and 11 U.S.C. § 546(c). As such, this Court has addressed that "right" of reclamation, but has not con-

sidered any additional rights of reclamation (i.e. trust) the plaintiff-seller may have had under state statutes or the common law.

3. 11 U.S.C. § 546(c)(1) requires that, the reclamation demand be in writing. See footnote 1.

4. Courts have construed the statute to require a third requirement in order to maintain a successful reclamation action: the goods must be identifiable and in possession of the debtor on the day of demand. See *In re Flagstaff Foodservice Corp.,* 14 B.R. 462, 32 U.C.C.Rep. 1479, 1484–1485 (Bkrtcy.S.D.N.Y.1981); see also *In re Daylin, Inc.,* 596 F.2d 853, 856 (9 Cir.1979).

5. Both parties stipulated in the "Joint Pre-Trial Agreement And Order" that April 4, 1980 was the date of the reclamation demand.

As to Landy Beef's insolvency, both parties submitted evidence on this issue. The essence of Landy Beef's evidence is that it did not pay for the Goods in a timely fashion because there existed a legitimate dispute as to the amounts due Party Packing. Party Packing disputed this characterization, asserting that Landy Beef's failure to pay for the Goods was due to Landy Beef's insolvency at the time the Goods were received by Landy Beef and at the time payment for the Goods became due.

This Court need not decide this issue, because assuming *arguendo* that Landy Beef was in fact insolvent, Party Packing has no reclamation rights because I find that the Goods were either non-identifiable or sold to a third party prior to Party Packing's demand for reclamation on April 4, 1980.

There is considerable testimony and evidence as to the normal business practice in the instant situation. As regards that procedure, I find in favor of Landy Beef, which normally disposed of goods within a three-day period once they came through the door.

More specifically, Landy Beef's normal operating procedure with respect to Goods delivered to it was as follows: (1) to weigh the shipment received, (2) to store the shipment for a short time and (3) to process the shipment all within three days of receipt. Once processed, no identification of the supplier, such as Party Packing, could be made from the Goods. As such, any Goods received from March 24, 1980 through March 27, 1980 would have been out the door or "processed" into other products (non-identifiable) by no later than March 30, 1980, well in advance of the demand for reclamation made by the plaintiff Party Packing on April 4, 1980.

In order to be the object of a reclamation action, goods must be identifiable and in the possession of the debtor on the day of demand. See *In re Flagstaff Foodservice Corp.*, 32 U.C.C.Rep. 1479, 1485 (Bkrtcy.S.D.N.Y.1981); see also *In re Daylin, Inc.*, 596 F.2d 853, 856 (9 Cir.1979). In addition, M.G.L.A. c. 106 § 2–702(2) speaks of the right to reclaim the goods, not the proceeds. *Matter of Samuels & Co., Inc.*, 526 F.2d 1238, 1245 (5 Cir.1976) reh. den. April 1, 1976, cert. denied sub. nom. *Stowers v. Mahon*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); *In re Flagstaff, supra* at 1484–1485; see M.G.L.A. c. 106 § 2–702(2). It is clear from reading the statute and case law interpretations thereof, that there exists no right to go after the proceeds from the Goods.[6] *Matter of Samuels & Co., Inc., supra;* see *In re Eli Watt Co.*, 32 U.C.C.Rep. 120, 127 (Bkrtcy.D.Florida 1981); *In re Flagstaff, supra.*

In this instance, based on the evidence before this Court, in particular-the normal business practice of the debtor in disposing of the Goods within three days of delivery and the respective dates of delivery (March 24–27, 1980) and of demand (April 4, 1980), I conclude that the Goods were either non-identifiable or sold to a third party prior to Party Packing's demand for reclamation on April 4, 1980.

Since the plaintiff has no right of reclamation under M.G.L.A. c. 106 § 2–702(2), this Court need not consider whether the plaintiff has a claim to an administrative priority status under 11 U.S.C. § 546(c) of the Bankruptcy Code.

---

6. Even if a right to the proceeds existed, for example, on some sort of trust theory, there is no evidence that there was any tracing of specific funds to the Goods at issue in the case at bar, which is a requisite for the recovery of the proceeds on such a theory. See *In re Koro Corp.*, 10 B.R. 767, 770 (Bkrtcy.D.Mass.1981) aff'd *In re Koro Corp.*, 20 B.R. 241 (Bkrtcy.App. 1 Cir.1982); see also *In re Flagstaff, supra.*