**In re LAWRENCE PAPERBOARD, CORP., Debtor.**

**In re LAWRENCE PACKAGING, CORP., Debtor.**

**In re HARRIMAN PAPERBOARD, CORP., Debtor.**

**Bankruptcy Nos. 84–00367–JG to 84–00369–JG.**

United States Bankruptcy Court, D. Massachusetts.

Sept. 24, 1985.

Steven J. Marullo, Marullo & Barnes, Boston, Mass., for petitioner.

Joel Rosenthal, Boston, Mass., for Chase Manhattan Bank, secured creditor.

Mark Polebaum, Hale & Dorr, Boston, Mass., for creditors' committee.

JAMES N. GABRIEL, Bankruptcy Judge.

## MEMORANDUM

The debtor's Motion to Settle Reclamation Demands seeks to grant eighteen sellers of goods to the debtor an administrative expense priority in the full amount of their claims for reclamation pursuant to 11 U.S.C. § 546(c). The debtor notified each reclaiming seller and the limited chapter 11 notice list of the hearing on the Motion. The creditors committee and a secured creditor, Chase Manhattan Bank, filed objections to allowance of the Motion.

The debtor filed its bankruptcy petition on March 15, 1984. Copies of the eighteen demands for reclamation are attached to the debtor's Motion as "Attachments A through Q." Thomas F. Fay Oil Sales, Inc. made demand for reclamation on March 16, 1984. The demand letter does not disclose when the debtor received the goods. (See Attachment A). Crown Zellerback Corp. sent demand for reclamation on March 17, 1984; its demand does not state when the debtor received the goods. (See Attachment B). NL Chemicals sent notice of reclamation on March 19, 1984 concerning goods shipped on March 7 and March 9, 1984. (See Attachment C). Menasha Corp. sent demand for reclamation on March 19, 1984 for goods shipped on March 9, and March 15, 1984. (See Attachment D). Container Corporation of America sent its demand for reclamation on March 19, 1984 for goods shipped on March 8, March 9, March 13, March 14, and March 15, 1984. (See Attachment E). Diamond Shamrock Chemicals Co. sent a letter demanding reclamation on March 20, 1984 for goods delivered on March 12, 1984. (See Attachment F). Borden, Inc. sent demand for reclamation on March 20, 1984 for goods received on March 11, 1984 and March 19, 1984. (See Attachment G). Albany International Corp. sent demand for reclamation on March 22, 1984 for goods shipped on March 14, 1984 and on another undisclosed date. (See Attachment H). Harriman Utility Board sent demand for reclamation for ser-

vices rendered on March 13, March 14 and March 15, 1984 on March 22, 1984. (See Attachment I). On March 23, 1984 H.B. Fuller Company sent demand for reclamation of goods received by the debtor on March 15, 1984 in the afternoon. (See Attachment J). Wrenn Handling, Inc. sent demand for reclamation on March 23, 1984; the notice does not state when the goods were received. (See Attachment K). Williamsburg Pulp Wood and Timber Co. sent a telegram demanding reclamation on March 8, 1984 for goods shipped on March 2, 1984. (See Attachment L). Garden State Paper Co., Inc. sent demand for reclamation on March 30, 1984 for goods shipped on March 5, March 6, March 7, and March 8, 1984. (See Attachment M). Union Camp Corp. sent a telegram demanding reclamation on March 20, 1984 for goods shipped on March 7, March 13, and March 14, 1984. (See Attachment N). Georgia Pacific sent a mailgram demanding reclamation on April 3, 1984; it does not state when the debtor received the goods. (See Attachment O). Interstate Construction Corp. sent a telegram demanding reclamation on March 16, 1984; it is not known when the goods were received by the debtor. (See Attachment P). Perry H. Koplik & Sons, Inc. sent a mailgram demanding reclamation on March 21, 1984, which did not specify the date the goods were received by the debtor. (See Attachment Q).

As of the date of the filing The Chase Manhattan Bank and Arlington Trust had liens on all assets of the debtor (including inventory) pursuant to security agreements containing after-acquired property clauses. On March 31, 1984 the Bankruptcy Court entered an order pursuant to § 364 authorizing the debtor to borrow funds on a post-petition basis from both banks. The new advances were to be secured by a security interest in all pre-petition and post-petition assets of the debtor.

The creditors' committee and the Bank argue that the debtor has not met the requirements of 11 U.S.C. § 546 since there has been no showing that the reclamation demands were timely made, that the debtor possessed the goods when the demand was received, or that the debtor was insolvent when the goods were received. In addition, the creditors' committee asserts that the existence of floating liens on the debtor's inventory extinguishes the rights of a reclaiming seller.

■ Bankruptcy Rule 9019 gives the court power to approve the compromise of a dispute after notice and a hearing. Bankruptcy Rule 9019 (1983). The notice of hearing must be sent to all creditors, unless the court has reduced the required notice. Bankruptcy Rule 2002(a)(3) (1983). In determining whether to approve a compromise, it is the court's obligation to evaluate whether the settlement is reasonable based upon an examination of the following factors:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

*In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr.S.D.N.Y.1985) (citations omitted). A record of evidence containing adequate and detailed information is necessary to enable the court to decide whether the settlement falls below the range of reasonableness. *Id.* at 176.

The enactment of § 546(c) in the Bankruptcy Reform Act of 1978 resolved the question whether a seller's right to reclamation is preserved in bankruptcy. The Code essentially adopts UCC § 2–207(2) as bankruptcy law, and further requires a seller to make a written demand for reclamation. 11 U.S.C. § 546(c) provides:

"The rights and powers of the trustee [1] ... are subject to any statutory right or

---

**1.** The debtor-in-possession has the rights and powers of the trustee for the purposes of this section. 11 U.S.C. § 1107 (1979).

common law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if court—(A) grants the claim of such a seller priority as an administrative expense; or (B) secures such claim by a lien."

11 U.S.C. § 546(c) (1979).

The rights of a reclaiming seller under Massachusetts law are set forth in M.G.L. c. 106 Section 2–702 which provides:

(2) Where the seller discovers that the buyer has received on credit while insolvent he may reclaim the goods (upon demand made within ten days after the receipt,) but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this Article (section 2–403). Successful reclamation of goods excludes all other remedies with respect to them.

M.G.L. c. 106 § 2–702(2) and (3) (1962).

■ The courts have unanimously ruled that a written demand by the seller within ten days of delivery of the goods to the debtor is necessary under § 546(c). *In re Storage Technology, Inc.*, 48 B.R. 862, 863, 866 (D.Colo.1985). The demand made pursuant to § 546(c) is effective on dispatch, as long as it is made in a commercially reasonable manner. *Matter of Morin Motor Oil, Inc.*, 740 F.2d 220, 222 (3d

Cir.1984). In addition, the goods must actually exist and be intact in the hands of the debtor at the time of the demand; proceeds of the sale of goods subject to a demand for reclamation are not recoverable by the seller in the absence of proof sufficient to establish a trust. *In re Landy Beef Co., Inc.*, 30 B.R. 19 (Bankr.D.Mass. 1983). One court has imposed the requirement that the reclaiming seller commence a reclamation action in the bankruptcy court while the goods are intact. *Action Industries, Inc. v. Dixie Enterprises, Inc.*, 22 B.R. 855 (Bankr.S.D.Ohio 1982). Finally, it is the burden of the reclaiming seller to prove that the debtor was insolvent at the time of the sale. *In re Furniture Distributors Inc.*, 45 B.R. 38, 43 (Bankr.D.Mass. 1984). These conditions must be literally satisfied before reclamation will be permitted or administrative expense priority will be granted. *In re Koro Corp.*, 20 B.R. 241 (Bankr. 1st Cir.1982).

■ In the present case, the record is devoid of facts from which the Court can find that awarding the eighteen sellers an administrative expense priority in the full amount of their claims for goods sold is a reasonable compromise. The copies of demands for reclamation attached to the debtor's Motion do not permit a finding that each seller made a proper written demand within ten days of the debtors *receipt* of the goods. Only two, possibly three, of the attached demands specify the date the debtor received the goods. Moreover, there has been no evidence that the goods were intact and in possession of the debtor when the reclamation demands were received. Finally, no evidence of insolvency has been presented. In the absence of facts concerning these elements, the Court cannot find that each seller would be entitled to reclamation of its goods so as to justify substitution of an administrative expense priority in the full amount of the claim for the right of reclamation. *See Action Industries, Inc. v. Dixie Enterprises, Inc.* 22 B.R. 855 (Bankr.S.D.Ohio 1982). In addition, the debtor has failed to comply with the notice requirements of Bankrupt-

cy Rule 2002(a)(3) because it did not notify all creditors of the hearing on the proposed compromise and did not request reduction of the Rule's requirements.

■ The creditors' committee and the bank oppose allowance of the Motion on the independent ground that the sellers of goods to the debtor are not entitled to reclamation and priority because the bank's after acquired-inventory clause extinguishes a seller's right to reclaim. The seller's right to reclaim goods from a buyer "is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this article." [2] M.G.L. c. 106 Section 2–702(3). It is well-settled under the 1962 version of U.C.C. 2–702 that the interest of an unpaid seller in goods delivered to a buyer is subordinate to the interest of a secured party in those same goods. *E.g., Matter of Samuels,* 526 F.2d 1238 (5th Cir., 1976); *Maglificio Berga v. Amit Int'l Trade, Ltd.,* 511 F.Supp. 432 (D.E.D. Pa.1981); *Matter of McLouth Steel Corp.,* 22 B.R. 722 (Bankr.E.D.Mich.1982). Thus, the existence of a secured party with an after-acquired property clause in his security agreement defeats a seller's right to reclaim, provided the security agreement was executed before the sale. *In re Daley, Inc.* 17 U.C.C. Rep.Serv. 433 (Bankr.D. Mass.1975); *In re Hayward Woolen Co.,* 3 U.C.C.Rep.Serv. 1107 (Bankr.D.Mass.1967). The legislative history to Bankruptcy Code § 546(c) recognizes that a seller's right to reclaim is subject to any superior rights of secured creditors. Section 546(c) only permits substitution of an administrative expense claim for the claim of a seller with a right of reclamation. 11 U.S.C. § 546(c)

(1979). If a seller does not have a valid right of reclamation under the UCC, there is no legal basis for granting administrative expense status. *Action Industries, Inc. v. Dixie Enterprises, Inc.,* 22 B.R. 855 (Bankr.S.D.Ohio 1982). In light of these principles, the sellers of goods to the debtor before the filing of the bankruptcy petition would have no right to reclamation or administrative expense status because of the floating inventory lien of the secured party.[3] The debtor's Motion to Compromise is denied insofar as it seeks to grant administrative expense priority to reclaiming sellers who delivered goods to the debtor before the filing of the petition.

The result however, is different for sellers who sold goods after the filing of the chapter 11 petition. ... [P]roperty acquired by ... the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a) (1979).[4] Thus, in the present case, the bank's security interest did not include inventory sold after the date of the filing until the March 31, 1984 borrowing order which granted the bank a lien on post-petition assets. Inventory delivered to the debtor during this period, after the filing but before the borrowing order is not subject to the security interest of the bank. Accordingly, for these items there is no lien which extinguishes the rights of a reclaiming seller and the substitution of an administrative expense for reclamation would be appropriate, assuming the other elements of a valid reclamation claim were present. In any event, sellers of goods to the debtor

---

**2.** The 1966 version of the Uniform Commercial Code deleted the words "or lien creditor" from the first sentence of Section 2–702(3). However, the 1962 version is still the law of Massachusetts.

**3.** This analysis assumes that the secured party has a valid security interest, no part of which is undersecured. In the present case, the security interests of both secured parties has been challenged. This ruling is therefore subject to the validity of the security interests. Moreover, even assuming the validity of the security interests, if the value of the collateral is less than the

amount owed either secured party, a reclaiming seller may be entitled to a priority. Therefore, this ruling is also subject to the determination that the secured parties are fully secured.

**4.** Excepted from the general rule that property the estate acquires is not subject to the security interest created by an after-acquired property clause, are proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case. 11 U.S.C. § 552(b) (1979).

after the filing of the chapter 11 petition would be entitled to claim administrative expense priority under 11 U.S.C. § 503(b)(1)(A).

As previously stated, the debtor's Motion to Settle Reclamation Demands is denied insofar as it seeks to grant administrative expense status to sellers of goods before the filing of the petition. With respect to sellers who delivered goods to the debtor after the filing of the chapter 11 petition, the debtor's Motion to Settle Reclamation Demands is denied, without prejudice to the debtor's filing an amended motion and demonstrating that reclaiming sellers satisfied the insolvency, notice, and possession requirement of 11 U.S.C. § 546(c) and that no security interest encumbered the post-petition inventory which serves as the basis of the claim.