ARCHER DANIELS MIDLAND COMPANY, Appellant,

v.

CHARTER INTERNATIONAL OIL COMPANY, Appellee and Cross-Appellant.

Bankruptcy Nos. 85–1246–Civ–J–14, 84–289–BK–J–GP to 84–332–BK–J–GP and 85–1033–BK–J–GP.

Adv. No. 84–152.

United States District Court, M.D. Florida, Jacksonville Division.

May 6, 1986.

Jerry Funk, Jacksonville, Fla., for appellant.

Karen Jennemann, Smith & Hulsey, Jacksonville, Fla., for appellee, cross-appellant.

OPINION

SUSAN H. BLACK, District Judge.

This case came on upon the appeal from a Final Judgment of the Bankruptcy Court entered July 25, 1985. Archer Daniels Midland Company [hereinafter "Archer"] filed its Notice of Appeal on August 1, 1985, and Charter International Oil Company [hereinafter "Charter"] filed its Notice of Cross Appeal on August 6, 1985. Archer filed its initial brief on November 13, 1985, and Charter filed its brief on November 27, 1986, to which Archer filed a reply brief on December 19, 1985. The Court heard oral argument on March 11, 1986.

There is no dispute as to the facts in this case. In April, 1984, Archer sold ethanol for use in gasoline to Charter. Charter became insolvent and Archer sent a reclamation demand to Charter on April 21, 1984, to regain the ethanal sold or its proceeds. Between April 11 and April 19, 1984, Archer sold 80,804 gallons of ethanol worth $124,049.12 to Charter's facility in Houston. Of this amount, Charter had 12,-852 gallons of ethanol worth $20,049.12 remaining in storage in Houston when it received the notice of reclamation. Between April 11 and April 19, 1984, Archer also sold 16,324 gallons of ethanol worth $26,118.40 to Charter's facility in Jacksonville. Charter did not have any of this ethanol remaining in storage at the time it received the notice of reclamation.

The Bankruptcy Court held that Archer could reclaim only the ethanol Charter had in storage at the time it received the notice of reclamation. The Bankruptcy Court also held that Charter, as a debtor-in-possession, did not have a superior right to a seller's right of reclamation under Texas law. The Bankruptcy Court entered judgment for reclamation for Archer for the 12,852 gallons, granting Archer a priority administrative expense claim in the amount of $20,049.12.

Archer raises the following issue on appeal: whether the Bankruptcy Court erred in denying Archer's claim for reclamation of ethanol sold to Charter in Jacksonville

and Houston which did not remain in storage on the date Charter received the notice of reclamation. Charter presents the following issue on appeal: whether the Bankruptcy Court erred in holding that Charter was not a lien creditor with superior rights to those of a reclaiming seller under Texas Business and Commercial Code [hereinafter "Texas UCC"], section 2.702(c). The Court will address both of these issues.

### Archer's Issue on Appeal

■ Section 546(c) of the Bankruptcy Code, 11 U.S.C. § 546(c) (1982), allows a seller of goods, with certain restrictions, to exercise any statutory or common law right to reclaim goods from an insolvent buyer. Archer concedes that the predominant view allows a seller to reclaim only those goods which are identifiable and in the buyer's possession at the time the reclamation demand is received. Archer asserts, however, that the Court should accept the policy behind U.C.C. § 2–702, as adopted in *U.S. v. Westside Bank*, 732 F.2d 1258 (5th Cir.1984).

In *Westside Bank*, the goods were delivered to the buyer on November 12 and 23, 1979, and the demand for reclamation was made on November 30, 1979. The goods were subsequently sold on January 21, 1980, and the court allowed the seller to reclaim the traceable proceeds from the sale of the goods. *Id.* at 1263. Therefore, at the time the reclamation demand was received, the goods were identifiable and in the buyer's possession. Thus, *Westside Bank* is entirely consistent with the substantial body of authority which requires that goods be identifiable and in the buyer's possession at the time the demand for reclamation is received. Furthermore, the *Westside Bank* court stated: "the right [of reclamation] can never be asserted to defeat the interest of certain third parties who have dealt with the defaulting buyer." *Id.* at 1260. Thus, a seller's right of reclamation must be limited to goods in the buyer's possession or their traceable proceeds at the time the demand is received.

In conclusion, the Court holds that the seller's right of reclamation extends only to those goods which are identifiable and in the buyer's possession at the time the demand for reclamation is received. In this case, Charter held 12,852 gallons of ethanol worth $20,049.12 in storage at the time of the demand for reclamation. Therefore, the Bankruptcy Court did not err when it limited Archer's right of reclamation to $20,049.12, representing the value of the ethanol which was identifiable and remaining in Charter's possession at the time the notice of reclamation was received.

### Charter's Issue on Appeal

Texas UCC § 2.702(c) provides that a seller's right to reclaim goods is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this chapter. Charter asserts that under Texas law, a bankruptcy trustee is a lien creditor pursuant to Texas UCC § 9.301(c), which provides that a lien creditor includes a trustee in bankruptcy. Charter further asserts that as a debtor-in-possession, Charter has all the rights and powers of a trustee in bankruptcy pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

If Charter's position were correct, there would be no right of reclamation in Texas, despite Texas UCC section 2.702, against an insolvent buyer once the buyer filed a petition in bankruptcy. This apparent inconsistency in the statutes has led the courts to conclude that a buyer's filing of a petition in bankruptcy does not terminate a seller's right of reclamation, despite the language of the statute. In *Westside Bank*, the Fifth Circuit in determining priorities under the UCC, stated: "The Ninth Circuit has held that the Texas right of reclamation survives bankruptcy; thus, the right of the trustee as a hypothetical lien creditor cannot supercede the right of the seller to reclaim despite the words of the statute." 732 F.2d at 1263, *citing, In re Daylin*, 596 F.2d 853, 855–56 (9th Cir.1979). The *Daylin* court, analyzing Texas law, concluded that only a good faith purchaser can cut off a seller's right of reclamation

and that a trustee in bankruptcy only occupies the position of a lien creditor. *See Daylin*, 596 F.2d at 856. Thus, the courts have interpreted Texas law so as to give priority to the reclaiming seller over the bankruptcy trustee.

 Charter supports its position by citing the Texas cases of *In re Goodson Steel Corp.*, 10 UCC Rep.Serv. 387 (Bankr.S.D. Tex.1968), and *In re Behring & Behring*, 5 UCC Rep.Serv. 600 (Bankr.N.D.Tex.1968). The *Daylin* court recognized that *In re Behring & Behring* was a straightforward interpretation of the statutory language but declined to follow that approach. 596 F.2d at 856 n. 4. In addition, the post-*Goodson Steel Corp.* and *Behring & Behring* Bankruptcy Code Section 546(c) expressly makes the rights and avoidance powers of the trustee subject to the seller's right of reclamation. Pursuant to Section 546(c), if the court denies the seller's right of reclamation, the court must afford the seller's claim priority as an administrative expense or secure the seller's claim with a lien. 11 U.S.C. § 546(c)(2). Thus, the Bankruptcy Code affords the seller's right of reclamation the same priority status as a perfected security interest under Article Nine and the filing of a bankruptcy petition does not cut off a perfected security interest. *See Westside Bank*, 732 F.2d at 1265. A perfected security interest also has priority over a lien holder under U.C.C. § 9–301.

Charter also argues that the *Daylin* and *Westside Bank* courts should not be rewriting the Texas statutes, especially in light of the Texas cases which give a literal interpretation to these sections. The Fifth Circuit, which decided *Westside Bank*, has within its jurisdiction the State of Texas. Thus, *Westside Bank*, which gave the seller's right of reclamation priority, is a strong indication that the law of Texas has changed and that the Texas statutes are not to be interpreted literally.

In conclusion, the Court holds that a seller's right of reclamation pursuant to Bankruptcy Code § 546 and Texas UCC § 2.702 is superior to the rights and interests in property held by a debtor-in-posses-sion. Therefore, the Bankruptcy Court did not err when it denied Charter priority status over Archer as a lien creditor under Texas law.

Having concluded that the decision of the Bankruptcy Court was correct in all respects, the Final Judgment entered by the Bankruptcy Court on July 25, 1985, is hereby affirmed.