In the Matter of AIC PHOTO, INC., et al., Debtor.

AMBICO, INC., Plaintiff,

v.

AIC PHOTO, INC., Defendant.

**Bankruptcy No. 185–50388–21.**
**Adv. No. 185–0055.**

United States Bankruptcy Court, E.D. New York.

Oct. 29, 1985.

Patterson, Belknap, Webb & Tyler, New York City by Scott Horton, for debtors.

Windels, Marx, Davies & Ives, New York City by Christopher T. Ragucci, for Ambico.

Zalkin, Rodin & Goodman, New York City by Andrew D. Gottfried, for Manufacturers Hanover Trust.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

This is an adversary proceeding brought by Ambico, Inc. ("Ambico"), a creditor of the debtor-defendant A.I.C. Photo, Inc. ("AIC"), to reclaim certain goods delivered to AIC two days or less before AIC filed for relief under Chapter 11.

This is a core proceeding over which the United States Bankruptcy Courts enjoys jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(*o*). Venue is proper in the Eastern District of New York.

The parties have stipulated to the following facts:

1. On or about March 19, 1985, the defendant filed a petition in the United States Bankruptcy Court for the Eastern District of New York and has continued thereafter as a Debtor-in-Possession.

2. Certain equipment was shipped in March of 1985 by plaintiff to the defendant, and received by defendant in Carle Place, New York, on or after March 17, 1985.

3. Plaintiff has made written demand for the return of the equipment pursuant to 11 U.S.C. § 546(c) and § 2–702 of the Uniform Commercial Code as enacted in New York.

4. The defendant has not complied with the plaintiff's written demand.

5. Plaintiff received payment for the delivery of some of this merchandise, and defendant is entitled to other credits sufficient to reduce the amount in dispute to $4,613.80.

6. Manufacturers Hanover Trust Company has a secured interest.

7. The parties have agreed to the following as matters of law:

(a) That the reclamation sought by the plaintiff is based exclusively upon § 2–702(2) of the Uniform Commercial Code as enacted in New York and § 546(c) of the Bankruptcy Code.

(b) That both § 2–702 and § 546 convey a right of reclamation only if the debtor received goods while it was insolvent.

(c) That the meaning of the term "insolvency" is controlled by § 1–201(23) of the U.C.C.

8. The parties have likewise stipulated that the evidence previously taken in connection with AIC's application to use cash collateral may be relied on in this proceeding as if proffered and received herein. That evidence tended to show that at the time AIC filed for relief under Title 11, the sum of its debts was not greater than the fair value of all of its assets.

9. Furthermore, Ambico has conceded that the assets of AIC exceeded its liabilities. Tr. 6/12/85, at 45.

10. The letter which the parties concede satisfies 11 U.S.C. § 546(c) and § 2–702 of the Uniform Commercial Code was sent AIC by Ambico on March 26, 1985.

■ On the basis of the evidence adduced by the parties, the Court finds:

11. When Manufacturers cut off credit to AIC on March 15, 1985, AIC became unable to meet its debts as they fell due.

12. Therefore, AIC was insolvent beginning March 15, 1985 within the meaning of § 1–201(23) of the Uniform Commercial Code.

13. At the time the demand for reclamation was made, AIC had in its possession all the equipment Ambico wishes to reclaim or identical equipment received earlier from Ambico with which it had been intermingled.

One further point is relevant:

14. After this Court invited Manufacturers to become a party to this adversary proceeding, Manufacturers advised this Court that it asserts no interest in the equipment which is the subject of this proceeding.

## DISCUSSION

In enacting the Bankruptcy Code, it was the intention of Congress "to recognize, in part, the validity of Section 2–702 of the Uniform Commercial Code, which has generated much litigation, confusion and divergent decisions in different circuits". See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 371–72(19th) (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 86–87 (1978), U.S.

Code Cong. & Admin.News 1978, pp. 5787, 5873, 6328.

The method by which Congress clarified the law was by making the rights of the trustee subordinate to those of the reclaiming seller. Section 546(c) preserves "any statutory or common-law right of a seller of goods that has sold goods to the debtor" to reclaim such goods "if the debtor has received such goods while insolvent". It subordinates to such right the trustee's rights and powers under Section 544(a) (trustee as lien creditor and as successor to certain creditors and purchasers), Section 545 (avoidance of statutory liens), Section 546 (preferences) and Section 549 (post-petition transactions).[1] To exercise a right of reclamation, the seller must demand reclamation of such goods "before ten days after the receipt of such goods by the debtor". In lieu of actual reclamation, the Court may grant the seller a priority claim or a lien. 11 U.S.C. § 546(c)(2).

There would be no doubt in this case that Ambico came within the protection of § 546(c) were it not for the ambiguity created by the requirement that the debtor have received the goods being reclaimed "while insolvent". Insolvency in the Uniform Commercial Code is defined differently from the meaning given it in the Bankruptcy Code. According to the Uniform Commercial Code "a person is 'insolvent' who either has ceased to pay his debts in the ordinary course of business or cannot pay his debts as they become due or is insolvent within the meaning of the Federal Bankruptcy Law". Section 1–201(23). The definition of insolvency in the Bankruptcy Code is much narrower. The Bankruptcy Code provides that "insolvent means—(a) with reference to an entity other than a

---

1. Insofar as pertinent Section 546(c) provides "except as provided in Subsection (d) of this Section, the rights and powers of a trustee under § 544(a), 545, 547, and 549 of this Title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing

reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the Court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the Court—

(A) grants the claim of such a seller priority as a claim of a kind specific in § 503(b) of this Title; or

(B) secure such claim by a lien."

partnership, financial conditions such that the sum of such entity's debts is greater than all such entity's property, at a fair valuation. . . . "

No less an authority than Colliers has suggested that this difference in definition is fatal to a seller unable to establish an excess of liabilities over assets:

"The seller's right to reclaim is not protected in all cases. The Code speaks of receipt of goods by the debtor 'while insolvent'. Section 101(29) defines 'insolvent' only in the bankruptcy sense (when the debtor's liabilities exceed its assets at a fair valuation). In many reorganization cases, however, the debtor may be insolvent in the equity sense (unable to pay its debts as they become due), but solvent in the bankruptcy sense. Such a debtor would thus not be insolvent within the Code definition and § 546(c) would not apply." (Footnotes omitted). 4 Colliers on Bankruptcy, ¶ 546.04 at p. 546-14 (15th Ed.1985).

Colliers, however, supplies no reasons for a result which would seem to create as much confusion as § 546(c) was enacted to dissipate.

The question as to whether a debtor's assets at the time of filing exceed its liabilities is in most Chapter 11 proceedings extremely complex, both factually and legally. Many Chapter 11 debtors seek long extensions of their obligations to file schedules because of the difficulty they have in determining their own assets and liabilities. To require a supplier, a stranger to the debtor's affairs, to carry the burden of proving an excess of liabilities over assets in order to exercise a very narrowly circumscribed right to reclaim specific goods delivered over, at most, a ten-day period, would be to make the right of reclamation largely illusory, whereas Congress' expressed intention in enacting the Code was to recognize the right of reclamation created by § 2-702 of the Uniform Commercial Code.

True, Congress said it was doing so only "in part", but that is a clear reference to the fact that the three month right of reclamation in § 2-702, predicated on a written misrepresentation of solvency, is not excluded from subordination to the trustee's various rights and powers. § 2-702 gives a right of reclamation in two circumstances. The goods may be reclaimed within ten days after receipt if the buyer has received the goods on credit while insolvent. However, if written misrepresentation of solvency has been made within three months before delivery, the ten day limitation does not apply. As noted earlier, the only right of reclamation recognized by the Code is the ten day right. But there is nothing in the legislative history to suggest that Congress intended to cut back the right of reclamation still further and to allow it only in a fraction of the cases falling within the ten day rule. To recognize a right of reclamation only where the buyer satisfies one of the three tests of insolvency laid down in the Uniform Commercial Code would be to radically reduce the right of reclamation without explanation or justification even as Congress says it is recognizing it.

■ The reading of the statute most compatible with the legislative intent would seem to be that whether or not there is a right to reclaim depends upon state law subject to the added limitation that the demand for reclamation must be made within ten days after receipt. This entails reading the phrase "if the debtor has received such goods while insolvent" as simply part of the larger description of the right that is being elevated above the trustee's powers, i.e., "any statutory or common-law right of a seller of goods . . . to reclaim such goods if the debtor has received such goods while insolvent".

In this case, doing so is made easier by the fact that the parties have stipulated that the meaning of the term "insolvency" is controlled by § 1-201(23) of the U.C.C.

### CONCLUSIONS OF LAW

This Court concludes that the right which Ambico is seeking to exercise here is its statutory right created under U.C.C.

§ 2–702 to reclaim the goods which AIC received after it was no longer able to pay its bills as they fell due, and was, therefore, insolvent with the meaning of § 1–201(23) of the Uniform Commercial Code.

 Furthermore, this Court concludes that Ambico is entitled to exercise this right of reclamation as to all goods in the possession of AIC at the time the demand for reclamation was received by AIC of the character delivered to AIC by Ambico after March 17, 1985, and prior to March 26, 1985.

Because of the passage of time and for other reasons, the Court will not permit Ambico to reclaim the specific goods in question, but will grant Ambico's claim of $4,613.80 priority as a claim of a kind specified in § 503(b) of Title 11.

The Court is not allowing interest on Ambico's claim. Each side to bear its own costs and attorneys fees.

Submit judgment.