**In re DIAMOND LUMBER, INC., Debtor.**

**WEYERHAEUSER COMPANY, Plaintiff,**

v.

**DIAMOND LUMBER, INC., Defendant.**

**Bankruptcy No. 387–32190–HCA–11.**
**Adv. No. 387–3346.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Jan. 15, 1988.

Karen Pulliam and Lewis Goodman, Pulliam, Hale, Spencer, Goodman & Stanley, Dallas, Tex., for plaintiff.

Dean Gandy and Marvin Mohoney, Akin, Gump, Strauss, Haver & Feld, Dallas, Tex., for defendant.

### MEMORANDUM OPINION

HAROLD C. ABRAMSON,
Bankruptcy Judge.

The Motion before this Court is one to determine the definition of the term "insol-

---

vent" as it is used in § 546(c) of the United States Bankruptcy Code. The definition of this term is particularly important, since it will frequently determine the quantum of proof which a reclaiming creditor will have to meet.

A review of the facts of this proceeding is not particularly necessary, since this holding does not determine the eventual outcome of the case. Rather this Opinion merely serves to inform the parties which definition of insolvency the Court will use in determining this reclamation action, and allows the parties to structure their arguments accordingly.

■ Briefly, the Court would note that there are two views on the definition of "insolvent" as that term is used in the § 546(c) context. The first view asserts that the definition in § 101(31) of the United States Bankruptcy Code is appropriate. This is the traditional "balance sheet test", and it is more difficult for the creditor to prove. Second, is the definition of insolvent as used in § 1–201(23) of the Uniform Commercial Code. This is commonly referred to as the "equity test". This Court concludes that the better reasoned position and the position supported by the greater weight of authority is that the Bankruptcy Code definition of insolvent is controlling.

To this Court's knowledge, there is only one published case which utilizes the Uniform Commercial Code definition of insolvency. In *In re AIC Photo, Inc.,* 57 B.R. 56, 59 (Bankr.E.D.N.Y.1985), the Court suggested in dicta that "[t]he reading of the statute most compatible with the legislative intent would seem to be that whether or not there is a right to reclaim depends upon state law ..." However, the issue was not directly before that Court since the parties to that case had stipulated to the meaning of the term. *Id.*

■ Of the Court's which have directly met the issue, it appears that three have applied to the Bankruptcy Code definition of insolvent. *See, In re Flagstaff Foodservice Corp.,* 56 B.R. 899 (Bankr.S.D.N.Y. 1986); *Pike Tool & Grinding Co. v. Storage Technology Corp. (In re Storage Technology Corp.),* 48 B.R. 862 (*en banc*)

(D.Colo.1985); *In re Furniture Distributors, Inc.,* 45 B.R. 38 (Bankr.D.Mass.1984). Several commentators are also in agreement. *See,* 4 *Colliers on Bankruptcy,* ¶ 546.04 (15th Ed.); B. Weintraub & A. Resnick, *Definition of "Insolvent" for Reclamation Purposes: Bankruptcy Code vs. U.C.C.,* 19 U.C.C.L.J. 170 (1986). These cases and authorities primarily use a statutory construction argument. The term insolvent is used throughout the Code. *See, e.g.,* Sections 545, 547, 548 and 553. In none of those sections is it suggested that the definition of insolvent is to be found outside the Code. Likewise, there is nothing in the words or history of § 546(c) to suggest resorting to another Code. The definition sections of the Code should apply to all sections of the Code, unless there is clear indication to the contrary. *Flagstaff,* 56 B.R. at 905.

This Court cannot say it more clearly than did the Colorado Court in *In re Storage Technology:*

It is a general principle of statutory construction that the statutory definitions control the meaning of words. *Lawson v. Suwanee Fruit & Steamship Co.,* 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949). Likewise, there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning. *Atlantic Cleaners & Dyers, Inc. v. U.S.,* 286 U.S. 427, 56 S.Ct. 607, 76 L.Ed. 1204 (1932). This presumption yields, however, when there is such a variation among the provisions in which a term is used as to warrant the conclusion that the same term was intended to have two or more different meanings within the same act. *Id.* In such a situation, it is appropriate to examine the legislative history of the act to determine what meaning was intended by Congress. *Lawson, supra; Bob Jones University v. U.S.,* 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983).

However, where the language of a statute is clear, it must be followed. Court construction is only required where there is an ambiguity. *United*

*States v. Yermian*, [468] U.S. [63], 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984); *St. Martin Evangelical Lutheran Church v. South Dakota*, 451 U.S. 772, 101 S.Ct. 2142, 68 L.Ed.2d 612 (1981); *In re Furniture Distributors, Inc., supra.* It is rather fundamental that when the express language of a statute is clear, the court should not adopt a different construction, absent clear legislative intent to the contrary. *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *Consumer Product Safety Com'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980); *United States v. Holroyd*, 732 F.2d 1122 (2nd Cir.1984).

*Storage Technology*, 48 B.R. at 865.

In conclusion, this Court holds that the proper definition of the term "insolvent" as used in § 546(c) context, is the definition found in § 101(36) of the United States Bankruptcy Code.