In re DAVIDSON LUMBER COMPANY, Davidson Timber Company, Debtors.

CHAMPION INTERNATIONAL CORP., Plaintiff,

v.

DAVIDSON LUMBER COMPANY, Defendant.

Bankruptcy Nos. 82–00442–BKC–TCB, 82–00443–BKC–TCB.

Adv. No. 82–0539–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

July 16, 1982.

Joseph B. Reisman, Miami, Fla., for plaintiff.

Louis Phillips, Miami, Fla., for debtor/defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The seller of goods seeks reclamation of goods under 11 U.S.C. § 546(c). (C.P. No. 1). The debtor has answered and has asserted an affirmative defense. (C.P. No. 3). The matter was tried on July 15.

The relief sought in the complaint is based on § 2–702 of the Uniform Commercial Code (§ 672.702, Florida Statutes, 1981). In support of its claim, plaintiff Champion International Corp. alleges that it sold and delivered goods to Davidson Lumber Company; that at the time of the sale Davidson was insolvent; that the seller made a timely written demand for return of the goods sold; that the goods were in the possession of Davidson at the time of demand; therefore, by virtue of § 2–702 and 11 U.S.C. § 546(c) it is entitled to reclamation or, in the alternative, to be granted priority for its claim as an administrative expense.

Section 546 provides:

". . .(c) The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if court—

(A) grants the claim of such a seller priority as an administrative expense; or

(B) secures such claim by a lien."

The debtor admits all of plaintiff's allegations and as an affirmative defense seeks dismissal of the complaint. The motion to dismiss is based on the contention that relief can not be granted when the goods are no longer in the debtor's possession. It is the debtor's alternative contention that the seller is entitled at most to a claim but not an administrative priority ahead of secured creditors.

The facts are undisputed. The goods were sold by the debtor after notice of the demand for reclamation was received and before the date of the filing of the chapter

11 proceeding. It is conceded by the seller that its claim is secondary to the position of creditors with liens secured by the debtor's inventory including after-acquired property.

An involuntary chapter 7 petition was filed against the debtor on March 12, 1982. The case was converted to a voluntary chapter 11 proceeding on April 12, 1982.

The issue is whether the reclamation rights of the seller are cut off if the debtor has sold the goods in the ordinary course of business to bona fide purchasers before the chapter 11 petition is filed.

The debtor's reliance on *Matter of Eli Witt, Co.*, (Bkrtcy.M.D.Fla.1981) 12 B.R. 757, decided under pre-Code law, sheds light merely on the issue of the trustee's rights to property subject to the seller's reclamation rights. Under the Code, § 546(c) resolves the disparate views of federal courts concerning the effect of bankruptcy on a reclaiming seller's U.C.C. rights. *See Matter of Flagstaff Foodservice Corp.* (Bkrtcy.S.D.N.Y.1981) 14 B.R. 462, 466.

The debtor's interpretation of *Flagstaff, supra,* in which the court ruled on the reclamation rights as of the date of filing the chapter 11 petition is the only authority for its position. I agree with the seller that the pertinent date is the date the seller made demand for reclamation. *Flagstaff* at 463 n.4.

I conclude that the seller is entitled to the administrative claim priority given by the scheme of the Code, but only to the extent of that portion of the goods sold on credit to the debtor from December 14, 1981 to December 18, 1981 in the amount of $37,376 in the debtor's possession on the date of the seller's demand. The debtor sold the goods after the demand was made. Under Florida law, the seller's rights are subject to the rights of a buyer in ordinary course or other good faith purchaser. *Fla.Stat.* § 672.-702(3). The debtor's reliance on the fact that there are intervening rights of good faith purchasers does not persuade me that the disposal of the goods by the debtor after a timely demand by the seller obliterates the seller's rights. The administrative claim which I find that the seller is entitled

to is in lieu of the goods which the seller could reclaim.

Accordingly, under § 546(c) the seller who has a valid claim for reclamation will be granted an administrative claim subordinate to the security interests of creditors secured by the debtor's inventory.

As is required by B.R. 921(a), a separate judgment will be entered granting the seller an administrative claim in the amount of $37,376. Costs will be taxed on motion.