**In re GIBSON DISTRIBUTING CO., INC.–PERMIAN BASIN, Debtor.**

**Chuck HAYNIE, Plaintiff,**

v.

**GIBSON DISTRIBUTING CO., INC.– PERMIAN BASIN, Defendant.**

**Bankruptcy No. 783–01392.**
**Adv. 783–1496.**

United States Bankruptcy Court,
W.D. Texas,
Midland-Odessa Divisions.

June 7, 1984.

Robert Truitt, Jr., Midland, Tex., for plaintiff.

Joel B. Locke, Odessa, Tex., for defendant-debtor.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The debtor-in-possession, Gibson Distributing Co., Inc. ("Gibson") challenges the proof of claim filed by Chuck Haynie ("Haynie"). The amount of the claim is not contested. However Haynie contends that the claim should be allowed as an administrative priority claim or, in the alternative, as a secured claim while Gibson argues that the claim should be allowed as an unsecured claim only. Closely related to those issues is the above adversary proceeding filed by Haynie, seeking to reclaim property which he had delivered to Gibson less than ten days before bankruptcy proceedings were initiated by Gibson. The following summary constitutes findings of fact and conclusions of law after nonjury trial on the consolidated issues on May 16, 1984.

The facts substantially are uncontroverted. At all times relevant to this memorandum Gibson had been engaged in retail sales of, among other items, sporting equipment in the vicinity of Midland, Texas. Haynie, a city fireman, had a sideline business whereby he sold a line of knives at wholesale. On July 7, 1983, Gibson issued its purchase order number 332808 to Haynie for two displays of knives which it referred to as the "Parker Knife Test Program", the cost to Gibson being reflected at $1,448.00 [1]

Haynie delivered the two displays to Gibson on July 25, 1983. Eight days later on August 2, 1983, Gibson filed petition for order for relief under Chapter 11 of Title 11, United States Code. On August 11, 1983, nine days after the bankruptcy petition was filed but seventeen days after the knives had been delivered to Gibson, Haynie delivered to Gibson his letter demanding reclamation under the provisions of § 2.702 of the Texas Business and Commerce Code. Gibson refused to return the displays of knives to Haynie and has failed to pay Haynie the contracted price of $1,448.00, contending in effect that Haynie is merely an unsecured creditor to that extent of $1,448.00.

Gibson's challenge to the reclamation demand and to the claim by Haynie that he is entitled to either an administrative priority claim or a secured claim is based on the fact that the reclamation demand was not made within ten days of the date of delivery of the knives on July 25, 1983. Haynie argues that he is not bound by the strict ten day demand requirement, because Gibson had made a false statement in writing to Haynie regarding its solvency within the meaning of § 2.702(b) [2] of the Texas Business and Commerce Code when the Gibson purchasing agent, in filling in the "payment terms" on the purchase order, wrote "net ten". Thus he posits that the notation of "net ten" was a written assertion by Gibson that it was solvent and would make the payment to Haynie ten days after delivery.

Section 2–702 of the Uniform Commercial Code (substantially identical to § 2.702 of the Texas Business and Commerce Code) had generated much preCode litigation, confusion, and divergent decisions in different circuits. In the bankruptcy context the reason for the confusion is apparent ... the section effectively created a lien under state law which conflicted with bankruptcy provisions striking down disguised priorities. *See Deephouse Equipment Company, Inc.*, 22 B.R. 255, 257 (Bkrtcy.D.Conn.

---

1. According to notations on the purchase order the aggregate retail price of the knives on the two displays was $2,517.12.

2. § 2.702.

   (b) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, *but if misrepre-sentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply.* Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay. (Emphasis Added)

1982). In its enactment of the Code, Congress sought to alleviate that conflict with its inclusion of § 546(c) which states:

(c) The rights and powers of the trustee under §§ 544(a), 545, 547 and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor...

The courts construing the issue have held consistently that § 546(c) represents the exclusive remedy and that unless a seller meets the strict ten day prior notice condition imposed by § 546(c) he retains no other common law or statutory right of action. *See In re Jeanes Mechanical Contractors, Inc.,* 32 B.R. 657 (Bkrtcy.W.D.Ky. 1983); *In re HRT Industries, Inc.,* 29 B.R. 861 (Bkrtcy.S.D.N.Y.1983); *Matter of Deephouse Equipment Co., Inc.,* supra.

The argument is persuasive that the reclamation statutory scheme of relief is the sole remedy for an unpaid vendor when the buyer has filed for bankruptcy, precluding any other common law rights which might have been available to a seller. Section 546(c) constitutes the sole available remedy for a creditor seeking to reclaim goods where, as here, there is no compliance with the strict ten day provision for making written reclamation demand.

I conclude that Haynie's claim in this bankruptcy case should be allowed as an unsecured claim, but that his contentions that the claim should be allowed as an administrative priority claim or as a secured claim should be denied. Further I conclude that the adversary proceeding filed by Haynie against Gibson, seeking reclamation, should be denied.

It is, therefore, ORDERED by the Court that the complaint by Chuck Haynie against Gibson Distributing Co., Inc.-Permian Basin, wherein Haynie seeks to recover two displays of knives be, and it is hereby, denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.