**OLIVER RUBBER COMPANY, Appellant,**

v.

**GRIFFIN RETREADING CO., INC., Appellee.**

Civ. No. 4–85–918.

United States District Court, D. Minnesota, Fourth Division.

Dec. 23, 1985.

Lauren R. Lonergan, O'Connor & Hannan, Minneapolis, Minn., for appellant.

Sharon N. Fullmer, Kampf, Orey, Landsman & Zerby, St. Paul, Minn., for appellee.

### MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Oliver Rubber Co. (Oliver), appeals from a bankruptcy court order dated May 7, 1985, denying an administrative expense claim for the value of certain rubber delivered to appellee Griffin Retreading Co. (Griffin).

On May 2, Oliver delivered 35,000 pounds of rubber to Griffin, which was insolvent at

that time.[1] The following day, Griffin filed a Chapter 11 bankruptcy petition. On May 10, Oliver sent and Griffin received a mailgram demanding return of the rubber. It is undisputed that Griffin had the rubber, valued at $27,922.36, in its possession on May 10. It is also undisputed that Griffin properly preserved its right of reclamation under 11 U.S.C. § 546(c) (1982) and *Minn. Stat.* § 336.2–702 (1984). On August 20, 1984, Oliver brought an adversary proceeding against Griffin seeking reclamation of the rubber or an administrative expense claim for its value. Appellee states that the rubber was no longer in its possession at the time of this suit because "it had sold the rubber to its retail outlets in the ordinary course of its business." In other words, Griffin ignored its obligation to return the reclaimed goods to Oliver.

Minnesota has adopted UCC § 2–702 which provides a right of reclamation:

(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in the ordinary course or other good faith purchaser under this article (section 336.2–403). Successful reclamation of goods excludes all other remedies with respect to them.

*Minn.Stat.* § 336.2–702 (1984). This right is preserved by Bankruptcy Code § 546(c) which, at the time of the filing of Griffin's case, read,[2]

Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secures such claim by a lien.

11 U.S.C. § 546(c) (1982). 11 U.S.C. § 503(b) provides for the allowing of administrative expenses.

Where the seller has properly preserved the right to reclaim, but the court must for some reason deny actual reclamation of the goods, § 546(c) provides that the court must order an administrative lien. *See, e.g., In re Coast Trading Co.*, 744 F.2d 686 (9th Cir.1984). The instant case presents a slightly different situation. It was technically possible to award reclamation, but it was impossible for Oliver to reclaim the goods. The issue before the court is whether the bankruptcy court should have denied reclamation so that it could award the alternative and more useful remedy of an administrative expense.

The bankruptcy court found that Oliver had properly preserved its right to reclaim the rubber and therefore granted reclamation. The court recognized that this remedy was "meaningless" in the circumstances because Griffin no longer possessed the

---

**1.** The bankruptcy court did not reach Oliver's claim that Griffin fraudulently induced it to deliver the rubber on the eve of Griffin's bankruptcy.

**2.** Section 546(c) has been amended for cases filed after October 7, 1984.

rubber, but found that Oliver had brought this hollow victory upon itself by failing to press its claim more promptly. The court refused to grant Oliver an administrative expense claim, reasoning that such a remedy was alternative to the right to reclaim and therefore unavailable because reclamation had, at least technically, been granted.

A seller seeking reclamation must show that it delivered goods to the buyer while the latter was insolvent and must make a demand for the goods within ten days of delivery and while the goods remained in the insolvent buyer's possession. The bankruptcy court's approach in this case adds an additional requirement, that the seller file an adversary action before the buyer disposes of the goods or suffer a hollow victory. Oliver may have been careless in failing to act more quickly, but the bankruptcy court's reasoning would provide the same result where a seller filed an adversary action the day after demanding reclamation from an unscrupulous insolvent buyer.

Oliver does not contest the bankruptcy court's factual findings, but questions its interpretation of § 546(c). On appeal from the bankruptcy courts, conclusions of law are freely reviewable, *Clay v. Traders Bank,* 708 F.2d 1347, 1350 (8th Cir.1983).

This court is not aware of any controlling authority on the question raised. Several bankruptcy courts sitting in other states have interpreted § 546(c) in similar circumstances. In another case in which "the debtor ignored the demands for reclamation," a Washington bankruptcy judge held that where

> the debtor-in-possession has disposed of or converted the goods subject to reclamation, the powers of the Court are limited to the entry of a monetary judgment, the granting of a lien on the debtor's assets, or the granting of an administrative priority.

*Western Farmers Assoc. v. Ciba Geigy (In re Western Farmers Assoc.),* 6 B.R. 432 (Bankr.W.D.Wash.1980).

In the majority of cases, courts have awarded administrative priorities or liens, rather than unenforceable reclamation rights. *See, e.g., Champion International Corp. v. Davidson Lumber Co. (In re Davidson Lumber Co.),* 22 B.R. 775 (Bankr.S.D.Fla.1982) (date of demand for reclamation is pertinent date; seller entitled to administrative claim priority for goods sold after demand); *McCain Foods, Inc. v. Flagstaff Food Service Co. New England, Inc. (In re Flagstaff Food Service Co.),* 14 B.R. 462 (Bankr.S.D.N.Y.1981) (where seller sought aid in recovering goods after demand proved fruitless, it was entitled to administrative claim priority for goods in debtor's possession on date of reclamation). *But see Action Industries, Inc. v. Dixie Enterprises, Inc. (In re Dixie Enterprises, Inc.),* 22 B.R. 855 (Bankr.S.D. Ohio 1982), on the other hand, held that a seller could seek relief under § 546(a) only by invoking the jurisdiction of the bankruptcy court before the buyer disposed of the property.

This court has carefully reviewed the record below and the authority cited by counsel and concludes that § 546(c) does not require grants of the right to reclaim no-longer-available goods. The appropriate remedy under § 546(c) on the facts of this case was not reclamation. Under the circumstances presented, appellant is entitled to the alternative remedy of an administrative expense claim. Accordingly, the order granting reclamation and denying an administrative expense claim should be reversed.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the order of the bankruptcy court dated May 7, 1985 is reversed and this matter is remanded to the bankruptcy court for further proceedings not inconsistent with this order.