In re MESA REFINING, INC., Gary Refining Company, Inc., Gary Refining Company, Debtors.

Bankruptcy Nos. 85 B 01027—85 B 01029 M.

United States Bankruptcy Court, D. Colorado.

Sept. 12, 1986.

---

## ORDER GRANTING INTEREST ON RECLAMATION CLAIMS

JOHN F. McGRATH, Bankruptcy Judge.

This matter is presently before the court upon Debtors' Motion for Reconsideration of the court's order filed December 11, 1985. This order allowed interest on reclamation claims against the Debtor as priority costs of administration pursuant to 11 U.S.C. § 546(c)(2)(A). Consideration of this motion is governed by Rules 52(b), 59(e) and 60(b) of the F.R.Civ.P., applicable here pursuant to Bankruptcy Rules 7052, 9023, 9024 and 11 U.S.C. § 105. Motions to reconsider and amend findings are not in-

tended to merely relitigate old matters, nor are they intended to allow parties to present a case under new theories. Such motions are intended to correct manifest errors of law or fact or to present newly discovered evidence. *See: Adams v. James*, 526 F.Supp. 80 (D.C.Ala.1981); *Evans, Inc. v. Tiffany and Co.*, 416 F.Supp. 224 (D.C.Ill.1976). In the interest that this controversy eventually comes to an end, it is necessary that issues that have been fully considered and decided not be subject to open-ended consideration. However, the competing interest of a correct decision dictates careful consideration of the motion now before the court.

The initial hearing to determine the amount of certain reclamation claims against the Debtor was held November 20 and 21, 1985, followed by order of the court filed December 11, 1985. The court found that certain creditors held valid reclamation claims against the Debtor pursuant to 11 U.S.C. § 546(c). Noting that the product "sold" to Debtors had been mixed with a mass and could not be returned, the court stated that the claims were not adequately protected. And, since the product had been consumed by the Debtors in the ordinary course of their business, creditors could not secure the claims by a lien on the property. Thus, the court ordered interest to be paid on the reclamation claims at the statutory rate.

On December 23, 1985, Debtors timely filed a Motion for Reconsideration of the December 11, 1985, order pursuant to F.R. Civ.P. 60(b) and Bankruptcy Rule 9024. Debtors requested that adequate protection and interest be denied the reclamation claimants as improper under 11 U.S.C. § 503(b). On December 31, 1985, following creditors' motion for adequate protection, the court entered an order stating that adequate protection is a term of art used in the Code and only applies to property interests in sections 362, 363 or 364. The court stated that a reclaiming creditor has an unsecured claim and not a property interest and is therefore not entitled to adequate protection. The only issue now before the

Court on Debtors' Motion to Reconsider is whether interest can be awarded on the reclamation claims.

■ The Bankruptcy Code recognizes that while 11 U.S.C. § 546(c) does not create reclamation rights, it refers to and alters existing state and common law rights. *In re Storage Technology Corp.*, 48 B.R. 862 (Bankr.D.Colo.1985) (Findings of Fact, Conclusions and Order Upon Definition of Insolvency Under 11 U.S.C. § 546(c)). Title 11 U.S.C. § 546 conditions the right to reclamation upon two findings: (1) that the debtor was insolvent, and (2) that a written demand for reclamation was made within ten days after debtor received the goods. Reclamation may be denied a seller with such a right only if the court grants the seller a priority or secures the claim by a lien. Section 546(c)(2)(A) was changed by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Public Law 98–353) to specifically grant a section 503(b) claim:

> (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if *the court—*
>
> (A) grants the claim of such a seller priority as a *claim of a kind specified in section 503(b) of this title;* or ...

Thus, this section allows the court to substitute an administrative expense claim for the return of reclaimed goods.

This new provision has been analyzed by courts following its addition to the Bankruptcy Code. In *In re Griffin Retreading Company*, Bankr.L.Rep. (CCH) para. 71,-251, 795 F.2d 676 (8th Cir.1986), the court affirmed a decision to grant sellers an administrative claim under 11 U.S.C. § 546(c)(2)(A). The sellers had acted upon their right to reclaim, but the debtor had consumed the goods in the course of its business. The court stated that an administrative claim is not inconsistent with the right to reclaim, but supplements that right..

> It (administrative claim under § 546(c)(2)(A)) provides flexibility to the bankrupt estate by permitting the use of the property, if needed for the successful

completion of the plan of reorganization. In such case the seller is protected without placing the plan in jeopardy. *Id.* at 89,424.

In *Eighty-Eight Oil Co. v. Charter Crude Oil (In re Charter Co.)*, 54 B.R. 91 (Bankr. M.D.Fla.1985), the court considered whether oil delivered to a corporation and co-mingled with other oil could be reclaimed. Noting that 11 U.S.C. § 546 has an implicit requirement that goods be identifiable and in debtor's possession on the day of demand, the court determined that fungible goods could be reclaimed and the creditor had only to trace possession of goods from itself to a like mass within debtor's control. The court held that if the issue of "insolvency" was proved in separate trial, creditor had established its right to reclaim the oil or to receive an administrative expense priority under 11 U.S.C. § 546(c)(2)(A). This court has held that the oil could not be reclaimed. Thus, the court granted reclaiming creditors in this matter administrative expense claims by order filed December 11, 1985.

In general, administrative expenses are allowed for numerous reasons, some of which are set forth in 11 U.S.C. § 503(b). A review of that list indicates that these claims are usually incurred post-petition and are for taxes owed by the estate or for services rendered that benefit the estate. The Code is silent on the treatment of interest for administrative claims. For example, the treatment of taxes as administrative expenses was settled with the enactment of H.R. 8200. The Senate version of the bill contained provisions to include interest on taxes and certain tax penalties with the taxes as a first priority under 11 U.S.C. § 503(b) (Report of the Senate Judiciary Committee, S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978)), U.S.Code Cong. & Admin.News 1978, p. 5787. The Senate version of the bill was not adopted so that the Code does not expressly provided that interest on post-petition taxes is to be treated as an administrative expense. *Collier on Bankruptcy*, para. 503.04(b), 503–32 to 39 (15th Ed.1986). Neither is interest spe-

cifically provided for any claim awarded pursuant to § 503(b). The absence of such an express provision may or may not be significant. In a case decided prior to the enactment of 11 U.S.C. § 503, the Supreme Court stated that,

> In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description.

*Bruning v. United States*, 376 U.S. 358, 360, 84 S.Ct. 906, 908, 11 L.Ed.2d 772 (1964). Thus, it appears that the Code does not itemize interest as an administrative expense along with the underlying debt because that would be superfluous. In *U.S. v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir.1984), the court held that interest from the date accrued should be treated as an administrative expense because there was no reason to differentiate treatment of a tax and the interest thereon. The court cited the Report of the Senate Judiciary Committee, *id.*, as the only available indication of how interest should be treated, and opted for that treatment. In *In re Pharmadyne Laboratories, Inc.*, 53 B.R. 517 (Bankr.D.N.J.1985), the court relied upon *Bruning v. U.S., supra,* as controlling rather than drawing inferences from Congress' silence and allowed postpetition interest on the debtor's postpetition debt as an administrative expense. In *Razorback Ready-Mix Concrete Co. v. U.S.A., et al. (In re Razorback Ready-Mix Concrete Co.)*, 12 C.B.C.2d 356, 45 B.R. 917 (Bankr. E.D.Ark.1984), the court allowed post-petition interest on FICA taxes as administrative expenses since it stated that § 503(b)(1)(C) expressly provided for such allowance. So while some courts have denied interest on postpetition taxes, (See, for example, *In re Stack Steel & Supply Co.*, 28 B.R. 151 (Bankr.W.D.Wash.1983); *In re Lumara Foods of America, Inc.*, 13 B.C.D. 409, 50 B.R. 809 (Bankr.N.D.Ohio 1985), other courts have relied on the rationale set forth in *Bruning v. U.S., supra,* and the implication of silence by the Code.

The allowance of post petition interest on post petition taxes is consistent with treatment accorded interest on attorney fees which are also an administrative expense under § 503(b). In *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983), the court approved award of post petition interest on attorney fees when it stated,

> We think that awarding compensation at current rates will roughly approximate periodic compensation *adjusted for* inflation and *interest,* ... Generally, no prejudgment interest should be paid for the period before the fees are awarded. (emphasis added).

In *Brown et al. v. Welborn, et al. (In re Byron Welborn, et al.)*, Adv. Nos. 84 G 367, 84 G 368, 84 G 369 and 84 J 536 (Bankr.D. Colo.1985) (Order Re: Allowability of Pre-Judgment Interest and Attorney Fees), the court stated that, "No interest shall be allowed on the award of attorney fees or costs except from the date of this order." In so stating, the Honorable Jay Gueck impliedly allowed post petition interest on post petition attorney fees commencing as of the date of the order.

It is clear that there is a common thread of logic running through these cited cases. Interest is awarded as an administrative expense because it is an integral part of the underlying debt that is so classified. Any normal commercial transaction incorporates interest due with the debt as compensation to the creditor for debtor's use of the sum loaned. In this case, creditors "sold" oil to the debtor with the expectation that they would be paid. Had debtor's bankruptcy petition not intervened, creditors would have had the use and benefit of the sum paid for oil or at least been able to reclaim the oil as a regular commercial practice. Being frustrated in payment and reclamation of the actual goods, creditors should not also be frustrated in payment of interest on their claims. Interest on the reclamation claims is due creditors as part

of the debt and in payment for debtor's post petition use of the oil. Thus, interest on the reclamation claims of creditors is allowed in compliance with *Bruning v. U.S., supra,* and subsequent cases.

■ Debtor next raises the issue of the beginning period for the computation of interest on the reclamation claims. In support of their position, debtor cites *Grundy National Bank v. Tandem Mining Corporation,* 754 F.2d 1436 (4th Cir.1985). This case primarily concerns a relief from stay action and states that at the earliest, interest should be computed from the time the motion is filed. Further, consideration should be given to time involved for repossession and sale of the collateral. This question is not at issue in the motion presently before the court. Rather, the computation period for interest centers on § 546(c), which states:

> (c) ... are *subject to* any *statutory or common-law right* of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, *to reclaim* ... (emphasis added)

The statutory provisions which govern the time limit for reclamation claims are 11 U.S.C. § 546 and C.R.S. § 4-2-702. In general, both statutes state that demand for reclamation must be made within ten days after receipt. The reclamation creditors in this case admit that demand was made March 6, 1985, rather than the previous date fixed by the court, March 1, 1985. Therefore, the court will correct its earlier order regarding interest and order interest paid on the reclamation claims at the statutory rate from March 6, 1985, until the claim is paid.

WHEREFORE, IT IS ORDERED that interest on the reclamation claims should be allowed as an administrative expense under 11 U.S.C. § 503(b); and

IT IS FURTHER ORDERED that interest on the reclamation claims shall accrue at the statutory rate from March 6, 1985, until paid.