846 F.2d 1343
 17 Bankr.Ct.Dec. 1389, Bankr. L. Rep. P 72,343,
6 UCC Rep.Serv.2d 128
 In re RAWSON FOOD SERVICE, INC., Debtor.
FLAV-O-RICH, INC., Plaintiff-Appellant, Cross-Appellee,
v.
RAWSON FOOD SERVICE, INC., Defendant-Appellee, Cross-Appellant.
 No. 87-3466.
 United States Court of Appeals,
Eleventh Circuit.
 June 14, 1988.
 
 Lance Paul Cohen, Janet H. Thurston, Cohen & Thurston, P.A., Jacksonville, Fla., for plaintiff-appellant, cross-appellee.
 Marshall W. Liptak, Jacksonville, Fla., for defendant-appellee, cross-appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 Before VANCE and ANDERSON, Circuit Judges, and BROWN*, Senior Circuit Judge.
 ANDERSON, Circuit Judge:
 
 
 1
 The sole issue raised in this bankruptcy appeal is whether, in a reclamation action brought pursuant to 11 U.S.C. Sec. 546(c), the seller must prove as part of its prima facie case that the debtor possessed the goods the seller seeks to reclaim at the time the reclamation demand was made. We conclude that an implicit requirement of a Sec. 546(c) reclamation claim is that the debtor must possess the goods when the reclamation demand is made and therefore that the seller must prove possession as part of its prima facie case. Thus, we affirm.
 
 I. BACKGROUND
 
 2
 Flav-O-Rich Inc. ("Flav-O-Rich") sold and delivered milk products and ice cream ("reclamation goods") to Rawson Food Service, Inc. ("Rawson"), a retail food chain, daily between February 11 and February 19, 1986. The aggregate value of the delivered products was approximately $102,000. Rawson filed a petition under Chapter 11 of the Bankruptcy Code on February 19, 1986. The following day, Flav-O-Rich made a written demand for reclamation of the goods it had delivered to Rawson on or after February 11, 1986. Rawson did not comply with the reclamation demand.
 
 
 3
 Consequently, Flav-O-Rich commenced this reclamation action in the Bankruptcy Court for the Middle District of Florida on February 27, 1986. Pursuant to 11 U.S.C. Sec. 546(c)[1] and Fla.Stat. Sec. 672.2-702(2)[2], Flav-O-Rich sought either an order requiring Rawson to return the reclamation goods or, in the alternative, an order granting it either an administrative priority or a lien on Rawson's unencumbered assets in an amount sufficient to satisfy its reclamation demand. Flav-O-Rich's complaint alleged that Rawson had entered Chapter 11 proceedings February 19, 1986, that in the ten days prior to the reclamation demand Flav-O-Rich had sold and delivered the reclamation goods to Rawson, that Rawson was insolvent during the entire period in which the reclamation goods were sold and delivered, that Flav-O-Rich hand-delivered a written demand for reclamation to Rawson on February 20, 1986, and that Rawson had failed to return the reclamation goods.
 
 
 4
 In its answer to Flav-O-Rich's complaint, Rawson denied that it was insolvent when the goods were delivered and claimed that it had no knowledge of the total value or delivery dates of the reclamation goods. Paragraph 10 of the answer read as follows:
 
 Affirmative Defenses
 
 5
 10. The Complaint for Seller Reclamation should be dismissed for failure to state a claim upon which relief can be granted, including but not limited to the reason that plaintiff has failed to allege that RFS [Rawson] was in possession of the goods when the reclamation demand was made.
 
 
 6
 Following discovery, the parties stipulated that Flav-O-Rich's reclamation demand met the requirements of Sec. 546(c) and Fla.Stat. Sec. 672.2-702(2)[3], that Flav-O-Rich would not be required to prove Rawson's insolvency, that Rawson took physical possession of the milk products and ice cream, and that Rawson did not comply with the reclamation demand. The parties also stipulated as to the value of the reclamation goods.
 
 
 7
 The trial commenced in August 1986, with Flav-O-Rich's presentation of its case-in-chief. Flav-O-Rich presented evidence which showed that Rawson took possession of the reclamation goods between two and ten days prior to receiving the reclamation demand. Flav-O-Rich also presented evidence which showed that Rawson did not have a daily inventory system which would show a daily inventory of products categorized by supplier. Flav-O-Rich also offered evidence which showed that Rawson made no effort to inventory or segregate the reclamation goods from other store products following its receipt of the reclamation demand. However, the record also indicates that Flav-O-Rich had available, but did not utilize, discovery tools which could have adduced evidence relevant to the crucial issue of what reclamation goods remained in possession on the date Rawson received the reclamation demand.[4] No evidence was presented to show that Rawson possessed some or all of the reclamation goods when it received the reclamation demand.
 
 
 8
 At the conclusion of Flav-O-Rich's case-in-chief, Rawson moved for an involuntary dismissal of the case pursuant to Bankruptcy Rule 7041.[5] Rawson contended that Flav-O-Rich failed to present a prima facie case for reclamation because it did not present any proof that Rawson possessed the reclamation goods when it received the reclamation demand. The Bankruptcy Court granted the involuntary dismissal and the District Court affirmed. Flav-O-Rich now appeals.
 
 II. DISCUSSION
 
 9
 The question before us is whether the Bankruptcy Court, affirmed by the district court, erred in its conclusion that Flav-O-Rich failed to present a claim upon which relief could be granted because it did not present any proof in its case-in-chief that Rawson possessed the reclamation goods when it received Flav-O-Rich's reclamation demand. To determine the requisite elements of a seller's prima facie case for reclamation, we must look to Sec. 546(c) of the Bankruptcy Code and the case law interpreting it.
 
 
 10
 Section 546(c) of the Bankruptcy Code provides the exclusive remedy for a seller who seeks to reclaim goods from a debtor in bankruptcy. In re Rozel Industries, Inc., 74 B.R. 643, 646 (Bkrtcy.N.D.Ill.1987).[6] Although the Sec. 546(c) reclamation right is "akin to that provided by the Uniform Commercial Code,"[7] In re Deephouse Equipment Co., Inc., 22 B.R. 255, 258 (Bkrtcy.D.Conn.1982), compliance with the U.C.C. requirements is insufficient to allow reclamation unless the Sec. 546(c) requirements also are met. Id.; In re Charter Co., 52 B.R. 263, 265-66 (Bkrtcy.M.D.Fla.1985) ("Charter I "); In re Flagstaff Foodservice Corp., 56 B.R. 899, 909 (Bkrtcy.S.D.N.Y.1986) ("Flagstaff II "). The primary differences between Sec. 546(c) of the Bankruptcy Code and Sec. 2-702(2) of the U.C.C. are that the U.C.C. waives the ten-day prior notice requirement if the buyer fraudulently misrepresents its solvency to the seller within three months prior to the receipt of the goods and that the U.C.C. does not specify that the reclamation demand must be in writing. See In re Flagstaff Foodservice Corp., 14 B.R. 462, 467 (Bkrtcy.S.D.N.Y.1981) ("Flagstaff I "); Matter of AIC Photo, Inc., 57 B.R. 56, 59 (Bkrtcy.E.D.N.Y.1985); In re Landy Beef Co., Inc., 30 B.R. 19, 20 (Bkrtcy.D.Mass.1983).
 
 
 11
 It is settled in the case law that the seller is required to establish the following in order to reclaim goods from a debtor in bankruptcy pursuant to Sec. 546(c): (1) a statutory or common law right to reclaim the goods; (2) the debtor's insolvency when it received the goods; and (3) a written reclamation demand made within ten days after the debtor received the goods. See, e.g., In re New York Wholesale Distributors Corp., 58 B.R. 497, 500 (Bkrtcy.S.D.N.Y.1986) ("the conditions imposed by Code Sec. 546(c) on a seller who seeks to recover goods sold and delivered to a debtor may be briefly summarized as follows...." (listing above requirements) (emphasis added)); In re Rozel Industries, Inc., 74 B.R. at 646 ("the seller must meet the following requirements...." (listing above requirements) (emphasis added)); Flagstaff II, 56 B.R. at 905. The parties agree that all of the above requirements are satisfied in this case.[8]
 
 
 12
 It also is well established that a seller cannot reclaim goods which the debtor does not possess when it receives the reclamation demand. See In re Coupon Carriers Co., 77 B.R. 650, 652 (N.D.Ill.1987); In re Wheeling-Pittsburgh Steel Corp., 74 B.R. 656, 659 (Bkrtcy.W.D.Pa.1987) ("the seller may only reclaim 'the goods' in the buyer's possession on the date the written demand for reclamation is made."); In re Bosler Supply Group, 74 B.R. 250, 252 (N.D.Ill.1987) ("various courts have also required that the goods be in the debtor's possession at the time of the demand."); Archer Daniels Midland Co. v. Charter International Oil Co., 60 B.R. 854, 856 (M.D.Fla.1986) ("the predominant view allows a seller to reclaim only those goods which are identifiable and in the buyer's possession at the time the reclamation demand is received."); In re New York Wholesale Distributors Corp., 58 B.R. at 500 ("the courts have consistently required that the goods still be in the debtor's possession at the time the demand for reclamation is received."); Flagstaff II, 56 B.R. at 908 n. 7 ("It is well settled that the seller may only reclaim such goods actually on hand at the time of the demand."); Oliver Rubber Co. v. Griffin Retreading Co., Inc., 56 B.R. 239, 241 (D.Minn.1985) ("A seller seeking reclamation ... must make a demand for the goods ... while the goods remained in the insolvent buyer's possession."), aff'd sub nom. In Re: Griffin Retreading Co., 795 F.2d 676 (8th Cir.1986); In re Charter Co., 54 B.R. 91, 92 (Bkrtcy.M.D.Fla.1985) ("Charter II ") ("Implicit within Sec. 546 is the additional requirement that the goods be identifiable and in the possession of the debtor on the day of demand."); In re Lawrence Paperboard Corp., 52 B.R. 907, 910 (Bkrtcy.D.Mass.1985) ("In addition, the goods must actually exist and be intact in the hands of the debtor at the time of the demand...."); Charter I, 52 B.R. at 265; In re Furniture Distributors, Inc., 45 B.R. 38, 45 (Bkrtcy.D.Mass.1984); In re Bensar Co., Inc., 36 B.R. 699, 701 (Bkrtcy.S.D.Ohio 1984) ("reclamation rights only extend to the [goods] remaining in the debtor's possession...."); In re Landy Beef Co., Inc., 30 B.R. at 21 ("In order to be the object of a reclamation action, goods must be identifiable and in the possession of the debtor on the day of demand."); In re Davidson Lumber Co., 22 B.R. 775 (Bkrtcy.S.D.Fla.1982); Flagstaff I, 14 B.R. 462. We agree with the numerous bankruptcy and district court decisions cited above and hold that a seller can reclaim only those goods the debtor possessed when it received the reclamation demand.
 
 
 13
 There also is substantial support in the case law that the seller bears the burden of proving possession. For example, in Flagstaff II the court explicitly held that the burden of proof of possession is on the seller. 56 B.R. at 908. The Court explained that:
 
 
 14
 [The seller] shoulders the burden of proving that [the debtor] had in its possession the goods at the time demand was made. [The seller's] evidence must indicate that this critical fact on which its recovery depends is true, and not merely that it is possible it is so.... Moreover, testimony heard at trial regarding this disputed fact must be viewed in the light most favorable to [the debtor].
 
 
 15
 Id. (citations omitted; footnote omitted).
 
 
 16
 In Charter II, the court concluded that a seller's right to reclaim goods under Sec. 546(c) is implicitly conditioned on a showing that the goods were identifiable and in the debtor's possession when it received the reclamation demand. 54 B.R. at 92. The court expressly placed the burden of proving possession on the seller:
 
 
 17
 This Court finds that the identification requirement mandates [the seller] tracing the crude oil from its possession into an identifiable mass.... If the mass of crude oil is subject to [the debtor's] control then it is both "identifiable" and "in the possession of the debtor."
 
 
 18
 Id. at 93 (emphasis supplied). This holding that the seller must trace the goods from its possession to the debtor's possession was favorably noted by the court in In re Mesa Refining, Inc., 66 B.R. 36, 14 B.C.D. 1177, 1178 (Bkrtcy.D.Colo.1986) and was expressly followed in In re Wheeling-Pittsburgh Steel Corp., 74 B.R. 656, 660-61 (Bkrtcy.W.D.Pa.1987).
 
 
 19
 Several courts implicitly have placed the burden of proof of possession on the seller. For example, in In re New York Wholesale Distributors, 58 B.R. 497 (Bkrtcy.S.D.N.Y.1986), after noting the three conditions (listed above) that the statutory language of Sec. 546(c) expressly imposes on a seller, the Court explained that "[i]n addition, the courts have consistently required that the goods still be in the debtor's possession at the time the demand for reclamation is received." Id. at 500. We interpret this to mean that proof of the debtor's possession was a requisite fourth element of the seller's claim. Similarly, in In re Bosler Supply Group, the court listed possession by the debtor at the time of the reclamation demand as one of the "rather stringent requirements for reclamation" that the seller had to meet in order to reclaim the goods. 74 B.R. at 252-53. Likewise, in In re Landy Beef Co., Inc., 30 B.R. at 20 n. 4, the court described possession on the date of the reclamation demand as "a third requirement in order to maintain a successful reclamation action."
 
 
 20
 Flav-O-Rich does not seriously contest that, at some point during the trial, it must prove that Rawson possessed the reclamation goods when it received the reclamation demand; rather, it argues that possession is not part of its prima facie case and that Rawson bears the burden of producing evidence of the lack of possession. These arguments are without merit.
 
 
 21
 First, as discussed above, a valid reclamation claim requires possession of the goods by the debtor when it receives the reclamation notice. Possession necessarily is part of the prima facie case which the seller must present in a Sec. 546(c) reclamation action. The seller therefore bears the burden of producing some evidence of possession when it presents its case-in-chief. If the seller presents evidence of possession in its case-in-chief, the debtor then can present contrary evidence in its rebuttal case. The seller bears the burden of proof, thus if the evidence is in equipoise, the debtor prevails.
 
 
 22
 Second, Flav-O-Rich's burden of production argument is based on the erroneous proposition that lack of possession is an affirmative defense.[9] To the contrary, possession is an integral element of a seller's reclamation claim and therefore is a necessary part of the seller's prima facie case, as we hold above. A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense. As the Sixth Circuit explained in Ford Motor Co. v. Transport Indemnity Co., 795 F.2d 538, 546 (6th Cir.1986):
 
 
 23
 An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.' 5 C. Wright and A. Miller, Federal Practice and Procedure Sec. 1270, at 289 (1969). On the other hand, some defenses negate an element of the plaintiff's prima facie case; these defenses are excluded from the definition of affirmative defense in Fed.R.Civ.P. 8(c). 2A J. Moore and J. Lucas, Moore's Federal Practice paragraphs 8.27, 8.27 (2d ed.1985).
 
 
 24
 (emphasis in original). In addition, it is well established that "[t]he party asserting an affirmative defense usually has the burden of proving it." Drexel Burnham Lambert Group Inc. v. Galadari, 777 F.2d 877, 880 (2d.Cir.1985). Flav-O-Rich's contention that the debtor must raise lack of possession as an affirmative defense is inconsistent with our holding that the seller bears the burden of proof of possession.
 
 
 25
 We find support in Flagstaff II, 56 B.R. 899 (Bkrtcy.S.D.N.Y.1986), for our conclusion that lack of possession is not an affirmative defense. The reclaiming seller in Flagstaff lost the case because it presented no convincing evidence that the reclamation goods were in the debtor's possession when it received the reclamation demand. 56 B.R. at 908. If lack of possession actually were an affirmative defense, the failure of the seller to present convincing evidence of possession would not result in a denial of its claim; it would only lose if the debtor presented convincing evidence that it did not possess the goods at the requisite time. Similarly, in In re Lawrence Paperboard Corp., 52 B.R. 907, 910-11 (Bkrtcy.D.Mass.1985), the court noted that no evidence of several elements of a reclamation claim was presented at trial. The court specifically noted that no evidence of possession had been presented. It concluded that the seller could not reclaim its goods in the absence of such evidence. Had lack of possession been an affirmative defense, rather than a part of the seller's prima facie case, lack of evidence of possession would not bar the seller's recovery.[10]
 
 III. CONCLUSION
 
 26
 In summary, we conclude that a seller must prove as part of its prima facie case that a debtor possessed the reclamation goods when it received the seller's written reclamation demand. We also conclude that the seller bears the ultimate burden of proof of possession. In the instant case, Flav-O-Rich did not allege in its complaint that Rawson possessed the goods when it received the reclamation notice. At trial, Flav-O-Rich did not present any evidence of Rawson's possession at the time of demand, despite the fact that it was on notice by virtue of paragraph 10 of Rawson's answer that possession would be an issue in the case. Because Flav-O-Rich never asserted that Rawson possessed the milk products and ice cream when it received the reclamation demand nor adduced any evidence at trial that supported a finding of possession, we conclude that the bankruptcy court correctly granted Rawson's motion for an involuntary dismissal of the case.[11]
 
 
 27
 For the foregoing reasons, the judgment of the district court is
 
 
 28
 AFFIRMED.
 
 
 29
 JOHN R. BROWN, Senior Circuit Judge, concurring:
 
 
 30
 Without in any way even breathing the possibility of a purpose to deprecate the exhaustive, patient, complete, scholarly opinion of Judge Anderson, I would in enthusiastic concurrence emphasize one thing. Allowing a presumption of continued possession to prevail would be not only bad law, it would be worse biology. Milk supposedly on the shelf for ten days would not be saleable, and if saleable, would not be potable, and if potable, it would not be safe to drink.
 
 
 31
 Fortunately, the law with reason rescues itself from any such absurdities.
 
 
 
 *
 Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 11 U.S.C. Sec. 546(c) reads:
 (c) The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or commonlaw right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but--
 (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and
 (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court--
 (A) grants the claim of such a seller priority as an administrative expense; or
 (B) secures such claim by a lien.
 
 
 [2]
 Fla.Stat. Sec. 672.2-702(2) reads:
 (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency had been made to the particular seller in writing within three months before delivery the ten day limitation does not apply....
 
 
 [3]
 We interpret this stipulation to mean that Flav-O-Rich was a seller in the ordinary course of business of milk products and ice cream and that Flav-O-Rich presented Rawson with a written reclamation demand within ten days after it delivered the reclamation goods
 
 
 [4]
 Rawson contends that Flav-O-Rich
 could have pursued the necessary information through discovery. Seller's Exhibit 7, introduced into evidence at trial ... consisted of Debtor's Answers to Interrogatories. The interrogatories reveal that a physical inventory by department was taken on February 19, 1986, the day before Bankruptcy and two days before receipt of the reclamation demand. Three individuals were identified as having knowledge concerning the inventory control and record system, none of whom were called to testify. Debtor also had a retail control accounting system by department which includes "each invoice" for goods in the system. Debtor had weekly sales reports by store and by department and major items, which was also reflected in a preliminary sales summary. The trial transcript does not reflect Seller's attempt to obtain or use any of this information.
 Appellee's Brief at 14-15. Our review of the record confirms Rawson's description of the evidence. Although the Rawson inventory system did not include a daily inventory of the dollar value of products by supplier, Trial Exhibit 8, p 2.d., Rawson's answers to Flav-O-Rich's interrogatories revealed several sources which apparently could have provided Flav-O-Rich with information relevant to Rawson's possession of the reclamation goods on February 20, 1986. As the district court noted
 In its effort to prove possession, Flav-O-Rich could have availed itself of all the discovery methods provided for in the Federal Rules of Civil Procedure. It was Flav-O-Rich's prerogative to rely on a presumption of possession at the time of demand based on Rawson's receipt of the goods. The record offers no indication that Rawson in any way hindered Flav-O-Rich's ability to ascertain the identity of the goods in Rawson's possession on the date of demand. Consequently, the court finds no basis for recognizing special equities in favor of Flav-O-Rich.
 District Court opinion at 11.
 
 
 [5]
 Bankruptcy Rule 7041 provides:
 Rule 7041. Dismissal of Adversary Proceedings.
 Rule 41 Fed.R.Civ.P. applies in adversary proceedings....
 Fed.R.Civ.P. 41(b) provides:
 (b) Involuntary Dismissal: Effect Thereof.
 * * *
 After the plaintiff, in an action tried by the court without a jury, had completed the presentation of evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief....
 
 
 [6]
 See also In re Flagstaff Foodservice Corp., 56 B.R. 899, 908 (Bkrtcy.S.D.N.Y.1986) ("Flagstaff II ") ("It appears to be well settled law that Code Sec. 546(c) is an exclusive remedy for reclaiming creditors."); In re Deephouse Equipment Co., Inc., 22 B.R. 255, 258 (Bkrtcy.D.Conn.1982) ("To date, every bankruptcy court which has considered the question has held that Sec. 546(c) represents an exclusive remedy...."); In re Furniture Distributors, Inc., 45 B.R. 38, 41 (Bkrtcy.D.Mass.1984)
 
 
 [7]
 See Fla.Stat. Sec. 672.2-702(2). This statute is set forth in note 3, supra
 
 
 [8]
 Fla.Stat. Sec. 672.2-702(2) provided Flav-O-Rich with a statutory right to reclaim the milk products and ice cream. The parties stipulated that Rawson was insolvent when it received the goods and that Flav-O-Rich made a written demand within ten days after Rawson received the goods
 
 
 [9]
 In paragraph 10 of its answer, quoted supra, Rawson claimed that Flav-O-Rich failed to state a claim upon which relief could be granted because it did not allege that Rawson possessed the goods when Rawson received Flav-O-Rich's reclamation demand. Rawson labeled paragraph 10 as an "affirmative defense." As explained in this opinion, the defense Rawson raises is not an affirmative defense but rather is a general defense akin to a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim upon which relief can be granted. Despite the mislabeling of the defense, its substance correctly points to a fatal flaw in Flav-O-Rich's claim--the failure to allege possession
 
 
 [10]
 Although we do not doubt that the defense is often mislabeled as an affirmative defense, as in this case, we are aware of no case in which lack of possession at the time of the reclamation demand was treated by the court as an affirmative defense. In In re Davidson Lumber Co., the debtor raised as an affirmative defense lack of possession at the time of the trial. 22 B.R. 775 (Bkrtcy.S.D.Fla.1982). Lack of possession at a time subsequent to the receipt of the demand is entirely different from lack of possession at the time of receipt. In fact, the debtor in Davidson Lumber admitted that it possessed the goods when it received the reclamation demand
 
 
 [11]
 Flav-O-Rich's other contentions merit little discussion. Flav-O-Rich argues that a presumption of continued possession arises upon its proof that it delivered the goods to Rawson. This position is untenable for several reasons. First, Flav-O-Rich can cite no cases--nor can we find any--which hold that proof of a debtor's receipt of reclamation goods creates a presumption of continued possession. In fact, this position seems at odds with the court's decision in Flagstaff II. After expressly placing the burden of proof of possession on the seller, the Flagstaff II court then stated that "[the seller's] evidence must indicate that this critical fact on which its recovery depends [possession] is true, and not merely that it is possible it is so." 56 B.R. at 908 (emphasis added). Presumptions pertain to possibilities or probabilities rather than actualities
 In addition, assuming arguendo that such presumptions are generally acceptable in reclamation cases, it would be illogical to sanction a presumption of continued possession in this case. The reclamation goods in this case were milk products and ice cream. Such goods must be sold with expediency to prevent spoilage. We agree with the district court's conclusion that "[i]n light of the perishable nature of the goods, the Court finds that such a presumption would defy logic."
 Finally, even if a presumption of continued possession applies in this case, sufficient evidence was presented at trial to rebut the presumption. Among the evidence before the court was testimony that the dairy products Rawson bought from Flav-O-Rich were put on the shelves for sale daily and that Rawson's normal weekly usage of Flav-O-Rich products was approximately $150,000. Extrapolating this average weekly usage over the ten day period involved in this case indicates that Rawson would have used approximately $200,000 worth of goods. This usage is almost twice the amount actually delivered. This sufficiently rebuts a presumption of continued possession. There is support in the cases that the court can look to evidence of the normal turnover time of goods to determine whether the goods remained in the debtor's possession as of the reclamation demand. See In re Landy Beef Co. Inc., 30 B.R. at 21.
 For the reasons expressed by the district court, we reject Rawson's claim that it is inequitable to make it prove possession. See note 4, supra.
 In light of our affirmance of the district court's decision, we do not reach Rawson's cross-appeal.